ELIZABETH HELLER SCHICK, APPELLEE, V. EDWARD WHITCOMB ET AL., APPELLANTS.

FILED APRIL 30, 1903. No. 12,797.

Partition: JOINT DEVISE: SETTLEMENT OF ESTATE. Where lands are devised to two or more jointly, one of the devisees may maintain an action for the partition thereof against the executor and the other devisees, at any time after the expiration of the time for filing claims against the estate, although the estate has not been settled and there has been no decree of distribution, provided the personal assets, in the hands of the executor, are sufficient to discharge the debts of the estate and the charges enumerated in section 289, chapter 23, Compiled Statutes (Annotated Statutes 5154).

2. ———: EQUITIES. In such action, the district court has jurisdiction to determine every question necessarily involved in a just and equitable decree of partition, and where the devisees, or any of them, have received advancements, which have not been adjusted by the county court, they may be adjusted in such action. For the purposes of such adjustment, such advancements are to be regarded as a part of the assets of the estate.

3. ———: DEVISE TO EXECUTOR IN TRUST. Where, by the terms of the will, a part of the devisees take only the use of a certain portion of the estate for life, remainder over to their children, etc., and the executor is authorized to make division thereof or to invest the proceeds, the legal title to such shares vests in the executor in trust, for the uses and purposes mentioned in the will, and imposes upon him a charge, requiring the exercise of his discretion, in regard to the care and management of that portion of the estate, and the provisions of the will in respect thereto should be carried out in the decree of partition.

4. Devise: DOWER. The wife of a devisee has an inchoate right of dower in his share of the lands devised, and a decree in partition,

which bars her of any right, title or interest in such lands, is erroneous.

5. **Referees in Partition**: INCUMBRANCES. The referees in partition are not required to procure certificates of incumbrances, and have the lands appraised, as in case of a sale by the sheriff on execution; nor is it essential to the validity of such sale that the report of the clerk, as to incumbrances required by section 819, Code of Civil Procedure, or the order therefor, should be made before sale.

6. **Jurisdiction**. Our statutory proceedings for the partition of real estate are essentially *in rem*, and the district court has no jurisdiction in such proceedings to partition real property in another state.

APPEAL from the district court for Seward county: SAMUEL H. SORNBORGER, DISTRICT JUDGE. *Reversed in part.*

*Robert Ryan* and *M. D. Carey,* for appellants.

*Harry D. Landis* and *R. R. Schick, Jr.,* contra.

ALBERT, C.

On the 16th day of May, 1900, one Anderson Dana Whitcomb died seized in fee of the lands in controversy in this action, and possessed of considerable personal property, leaving a will of which the following is a copy:

"Know all men by these presents, that I, Anderson Dana Whitcomb, fully realizing the uncertainties of life, and being in usual health and of sound mind, do make and publish this my last will and testament.

"1st. It is my desire that my funeral expenses and just debts be paid.

"2d. That after the payment of my funeral expenses and just debts, the residue of my estate shall be equally divided between my children, Edward Whitcomb, William Ahira Whitcomb, Walter Olen Whitcomb, Dana Simpson Whitcomb and Elizabeth Heller Schick, heirs of my body, excepting as hereinafter provided. I hold notes against,

54

and have bills which I have paid for Walter Olen Whitcomb, William Ahira Whitcomb and Dana Simpson Whitcomb, and I direct that the several amounts be deducted from the amounts of their share to be given them or which they are to have the use of as hereinafter provided. I direct that the shares of my estate that would otherwise be divided between William Ahira and Walter Olen Whitcomb, shall not be given them absolutely, but that they shall have the use of the same during their natural lives, and at their death or as either of them depart this life, the share which would otherwise have fallen to each oné be equally divided between their children then living and heirs of their several bodies.

"4th. I hereby appoint my son Edward Whitcomb my sole executor of this my last will and testament, and who shall have full power and authority to make a division of my estate or to invest the amounts set aside for their use as above provided and directed.

"5th. I hereby renounce all former wills or bequests made by me.

"Witness my hand and seal this 8th day of March, 1900, at Lacyville, Pa."

On the 11th day of June, 1900, the will was duly admitted to probate by the county court of Saline county, whereupon the executor therein named qualified and entered upon the discharge of his duties as executor of the will. By order of the county court, creditors of the estate were allowed six months, from the 16th day of June, 1900, to file their claims against the estate. The time was not extended and, at its expiration, all claims not filed within that time were barred. The regularity of the proceedings in the county court are not questioned.

On the 2d day of July, 1901, and while the administration of the estate was still pending in the county court, Elizabeth Heller Schick, one of the devisees named in the will, brought this action against the other devisees, including the children of William Ahira and Dana Simp-

son Whitcomb, the executor, and Hannah, Alice, Caroline and Eva Whitcomb, the wives of the devisees Edward, William Ahira, Walter Olen and Dana Simpson Whitcomb, respectively, for a partition of the lands in controversy.

The petition, in addition to the usual allegations, contains the following:

"The said plaintiff further avers that the estate of the said Anderson Dana Whitcomb, deceased, is solvent, and that there is sufficient personal assets in the hands of said Edward Whitcomb, executor of the estate of the said Anderson Dana Whitcomb, deceased, belonging to said estate with which to pay all debts owing by said estate and the cost and expense of administering the same.

\*     \*     \*     \*     \*     \*     \*     \*     \*

"The said plaintiff further alleges that the said William Ahira Whitcomb, Walter Olen Whitcomb and Dana Simpson Whitcomb, have been advanced the following sums by notes and money, from the aforesaid Anderson Dana Whitcomb, deceased, during the lifetime of the aforesaid Anderson Dana Whitcomb, to wit: William Ahira Whitcomb, eight hundred fifty-eight and 4-100 dollars ($858.04); Walter Olen Whitcomb, one thousand six hundred thirty-one and 57-100 dollars ($1,631.57); Dana Simpson Whitcomb, one thousand eight hundred thirty-four and 73-100 dollars ($1,834.73); which sums, by the desire and will of the said Anderson Dana Whitcomb, deceased, were to be deducted from the respective shares of the aforesaid William Ahira Whitcomb, Walter Olen Whitcomb and Dana Simpson Whitcomb.

"The said plaintiff further alleges that the defendants, Hannah Whitcomb, wife of Edward Whitcomb, Alice Whitcomb, wife of William Ahira Whitcomb, Caroline Whitcomb, wife of Walter Olen Whitcomb, and Eva Whitcomb, wife of Dana Simpson Whitcomb, each claim to have some interest in or right and title to said premises or some portion thereof, the said Hannah Whitcomb claiming an interest in or title to said premises by reason of being the

wife of the defendant Edward Whitcomb, the said Alice. Whitcomb claiming an interest in or some title to said premises by reason of being the wife of the defendant William Ahira Whitcomb, the said Caroline Whitcomb claiming an interest or some title to said premises by reason of being the wife of the defendant Walter Olen Whitcomb, the said Eva Whitcomb claiming an interest in or some title to said premises by reason of being the wife of the defendant Dana Simpson Whitcomb, but plaintiff alleges that neither they nor either of them have any right, title, interest, lien, or claim whatsoever, either at law or in equity in or to said premises, or any part thereof, and plaintiff avers that their pretended claim or title, or interest in said premises, is a cloud upon the title of plaintiff and the owners of said premises, and that said cloud should be forever removed, set aside and held for naught, and plaintiff asks that they and each of them be required to set up in writing by way of answer in the time and manner required by law whatever interest they or either of them have or claim to have in said premises, and in default thereof that they, and all persons claiming by, through or under them or either of them be forever barred and cut off from ever asserting the same.

"The plaintiff further alleges that the said defendant Edward Whitcomb, as the executor of said estate, also claims to have some interest in or right to said premises aforesaid by reason of his being the executor of the estate of the said Anderson Dana Whitcomb, deceased, but the said plaintiff avers that he, as the executor of said estate, has no right, title, interest or claim whatsoever in and to said premises or any part thereof."

The issues were made up and a trial had which resulted in the following findings and decree:

"And now on the 8th day of January, 1902, at 9 o'clock A. M., this cause came on for further hearing on the pleadings and evidence and was duly submitted to the court, on consideration thereof the court finds, that:

"Due and legal service of summons and notice of the

pendency of this action has been made upon all the defendants in this cause in the time and manner provided by law and that a guardian *ad litem* was duly appointed to protect the interests of the minor defendants.

"On the 16th day of May, 1900, one Anderson Dana Whitcomb died, testate, seized in fee of the following described real estate, situated in Nebraska, to wit: Northeast one-fourth, section twelve (12), town eight (8), range one (1) east, situate in Saline county; all of section thirty-three (33), town fourteen (14), range nine (9) west, situate in Howard county; northwest one-fourth section twenty (20), town twelve (12), range four (4) east, situate in Seward county; east one-half southwest one-fourth, section thirty (30), town eleven (11), range seven (7) west, situate in Hamilton county; lot six (6), original town of Friend, situate in Saline county.

"Said Anderson Dana Whitcomb, deceased, left as his devisees and heirs at law the following persons, viz.: Edward Whitcomb, Walter Olen Whitcomb, William Ahira Whitcomb, Dana Simpson Whitcomb, Elizabeth Heller Schick, Arthur Whitcomb, Dana Whitcomb, Clarence Whitcomb, Floyd Whitcomb, Chester Whitcomb, Nelle Whitcomb, Herbert Whitcomb, Lila Whitcomb, Pauline Whitcomb, —— Whitcomb and —— Whitcomb, christian names unknown.

"That the will of Anderson Dana Whitcomb, deceased, was duly probated in the county court of Saline county, Nebraska, and that Edward Whitcomb is now the duly qualified and acting executor of said estate.

"That the estate of Anderson Dana Whitcomb, deceased, is solvent and that there is sufficient personal assets in the hands of the said Edward Whitcomb, executor of the estate of Anderson Dana Whitcomb, deceased, belonging to said estate with which to pay all debts owing by said estate and the costs and expense of administering the same.

"That the following sums and amounts, to wit, $1,834.73, $1,631.57 and $858.04, are to be deducted from the shares of Dana Simpson Whitcomb, Walter Olen Whitcomb and

William Ahira Whitcomb, as follows: $1,834.73 from the share of Dana Simpson Whitcomb, $1,631.57 from the share of Walter Olen Whitcomb and $858.04 from the share of William Ahira Whitcomb, as advancements according to the last will and testament of Anderson Dana Whitcomb, deceased.

"That Anderson Dana Whitcomb died leaving no minor children or widow.

"That the executor, Edward Whitcomb, as such has no right, title interest or claim whatsoever in and to said advancements and premises or any part thereof.

"Hannah Whitcomb, Alice Whitcomb, Caroline Whitcomb and Eva Whitcomb have no interest, right or title in the above described lands.

"Said plaintiff, as an heir and devisee of the said Anderson Dana Whitcomb, deceased, has an undivided one-fifth interest in said lands and each of the following defendants has a similar estate of an undivided one-fifth interest therein, viz.: Edward Whitcomb, an undivided one-fifth interest; Dana Simpson Whitcomb, an undivided one-fifth interest, subject to a lien hereinafter mentioned; William Ahira Whitcomb, an undivided one-fifth interest, subject to a lien hereinafter mentioned; and Walter Olen Whitcomb, an undivided one-fifth interest, subject to a lien hereinafter mentioned, except that William Ahira Whitcomb and Walter Olen Whitcomb have a life estate only in their respective shares, with remainder over, in equal shares to the children of the said William Ahira Whitcomb and with remainder over, in equal shares to the children of the said Walter Olen Whitcomb.

"The court further finds that the plaintiff is entitled to a partition of said premises as prayed in her petition.

"It is therefore decreed that the sums and amounts, to wit, $1,467.784, $1,305.256 and $686.432, be declared liens against the shares of Dana Simpson Whitcomb, Walter Olen Whitcomb and William Ahira Whitcomb in said land, in favor of Edward Whitcomb, Elizabeth Heller Schick, Dana Simpson Whitcomb, Walter Olen Whitcomb and

William Ahira Whitcomb as follows : the sum of $1,467.784 be declared a lien against the share of Dana Simpson Whitcomb in favor of Edward Whitcomb, Elizabeth Heller Schick, Walter Olen Whitcomb and William Ahira Whitcomb; the sum of $1,305.256 be declared a lien against the share of Walter Olen Whitcomb in favor of Edward Whitcomb, Elizabeth Heller Schick, Dana Simpson Whitcomb and William Ahira Whitcomb, and the sum of $686.432 be declared a lien against the share of William Ahira Whitcomb in favor of Edward Whitcomb, Elizabeth Heller Schick, Dana Simpson Whitcomb and Walter Olen Whitcomb.

"It is further ordered that Edward Whitcomb, Elizabeth Heller Schick, Dana Simpson Whitcomb, Walter Olen Whitcomb and William Ahira Whitcomb each have an undivided one-fifth interest in the above mentioned advancements, viz., $1,834.73, $1,631.57, and $858.04, according to the last will and testament of Anderson Dana Whitcomb, deceased.

"It is therefore considered, ordered, adjudged and decreed by the court that the shares of the said parties and their interests in said lands and advancements be and the same hereby are confirmed, and that partition be made accordingly. It is further ordered that R. E. Dunphy, James Ruby and Charles Adams be and they are hereby appointed referees to examine said lands and report as to the manner of partition."

The referees duly reported to the court that the lands could not be equitably divided, and recommended a sale thereof. The court, on the 13th day of February, 1902, approved the report and ordered the lands sold as upon execution. Afterward, in pursuance of such order and after due notice, the referees sold the lands, and reported the sales to the court. The defendants then lodged objections against the confirmation of the sales, some of which are based on alleged errors in the decree and need not be noticed at this time; the others are as follows :

"The report does not show that any purchaser has paid

the purchase price of any of the lands of which there has been reported sale.

\* \* \* \* \* \* \* \* \*

"The will vested in William Ahira Whitcomb and Walter Olen Whitcomb a life estate each in one of the shares into which the testator directed by his will that his property should be divided and this court after making the order of sale herein failed to direct the clerk to report whether there were any incumbrances upon any part of the property to be sold.

"The court can not make an order as to the life estate of William Ahira Whitcomb and Walter Olen Whitcomb for the reason that no attempt has been made to come to an agreement with either of the said parties as to the same in gross to be considered an equivalent for each of said life estates.

"The sales by the referees were not conducted in the manner as sales by sheriffs on execution are by the statute and the order of the court required to be conducted, for the reason that there were no liens or incumbrances ascertained and no appraisement was made."

The objections were overruled and the sales confirmed; the court at the same time ordered the referees to file a supplemental report, showing who of the purchasers had paid or tendered the full amount of their bids before confirmation, and who, of such purchasers, had tendered security for one year's deferred payment according to the terms of the sale. The court further ordered the referees to retain the money and securities, received from the sale of the lands, until the further order of the court.

The defendants appeal to this court from the decree and order of confirmation.

The defendants contend that the executor is entitled to the possession of the real estate, until such possession is terminated by a decree of the county court, and, as his possession had not been thus terminated when this action was brought, the decree ordering partition is erroneous. Compiled Statutes, chapter 23, section 202 (Annotated Stat-

utes, 5067), is the basis of the right of an executor to the possession of the real estate of his testator, and is as follows:

"The executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased, and may receive the rents, issues and profits of the real estate, until the estate shall have been settled, or until delivered over, by order of the probate court, to the heirs or devisees, and shall keep in good, tenantable repair, all houses, buildings and fences thereon which are under his control."

If that section stood alone, it would, perhaps, be sufficient to establish the defendants' contention. But in the same chapter are the following:

"Sec. 288.    Before any partition or division of any estate among the heirs, devisees or legatees, as provided in this subdivision, the probate court shall make an allowance for the necessary expenses of the support of any children of the deceased under seven years of age; and it shall be the duty of the executor or administrator to retain in his hands sufficient estate for the purpose, except when some provision is made by will for their support.

"Sec. 289.    After the payment of the debts, funeral charges, and the expenses of administration, and after the allowances made for the expense of the maintenance of the family of the deceased, and for the support of the children under seven years of age, and after the assignment to the widow of her dower, and of her share in the personal estate, or when sufficient assets shall be reserved in the hands of the executor or administrator for the above purposes, the county court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same.

"Sec. 290.    In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same.

"Sec. 291. Such decree may be made on the application of the executor or administrator or of any person interested; but no heir, devisee or legatee shall be entitled to a decree for his share until payment of the debts and allowances and expenses mentioned in the preceding section shall have been made or provided for, unless he shall give a bond to the county judge, with such surety or sureties as he may direct, to secure the payment of the just proportion of such heir, devisee or legatee of such debts and expenses, or such part thereof as shall remain unprovided for, and to indemnify the executor or administrator against the same.

"Sec. 292. When such estate shall consist in part of real estate, and shall descend to two or more heirs, devisees or legatees, and the respective shares shall not be separate and distinguished, partition thereof may be made as provided by law."

As to the time when a devisee is entitled to a decree for a division or partition of the estate, the foregoing sections make no distinction between real and personal property. In either case an heir or devisee is entitled to a division or partition, (1) When the charges therein enumerated have been paid; (2) When the executor or administrator reserves sufficient assets in his hands to pay such charges; (3) Upon giving the bond provided for in section 291. Section 289 provides for a decree of distribution by the county court. Section 292 provides for partition, "as provided by law," where the property to be divided is real estate, and the respective shares are not to be separate and distinguished. The phrase, "according to law" can have but one meaning and that is, by an action in partition in the district court, the only court having original jurisdiction in cases of that character. The sections quoted, then, fairly construed, provide that where real estate descends to two or more heirs or devisees jointly, an action for the partition thereof may be maintained in the district court, after the charges enumerated in section 289 have been paid, or, when the executor reserves in his hands sufficient to pay them.

Applying the foregoing to the case at bar, the contention under consideration can not be sustained. The time for filing claims against the estate had expired when this action was commenced; but one claim, amounting to some $70, was filed against the estate; the deceased left neither widow nor minor children; the evidence shows personal assets of the estate, in the hands of the executor, amounting to more than $11,000, of which more than $800 is in money; by the terms of the will the land in controversy descended to the heirs jointly. It seems to us that these facts bring the case within the provisions of the sections just quoted, and that the right of the plaintiff to a partition of the real estate had fully matured when this action was brought. This appears to be the construction placed on like statutory provisions by the supreme court of Wisconsin. *Volk v. Stowell,* 98 Wis. 385, 74 N. W. 118; *McManany v. Sheridan,* 81 Wis. 538, 51 N. W. 1011.

The defendants rely on *Alexander v. Alexander,* 26 Neb. 68, wherein this court held, that an action of this character could not be maintained by an heir, "until the debts, allowances and expenses against said estate have been paid or provided for, unless he give a bond with approved sureties to pay the same." There is nothing in that case inconsistent with the views hereinbefore expressed, but we do not consider it directly in point on the precise question under discussion. There the petition contained no allegation whatever in regard to the solvency of the estate, or of the sufficiency of the personal assets to meet the charges which the statute requires to be paid or provided for before a division or partition of the estate can be had. The court merely paraphrased section 291, in order to show the insufficiency of the petition. But in this case the solvency of the estate, as well as the sufficiency of the personal assets to pay the debts against it, are alleged in the petition and conclusively established by the evidence. The distinction between the two cases, to our minds, is clear. The defendants also rely on *Security Investment Co. v. Lottridge,* 2 Neb. (Unof.) 489. So far as that case touches

the present it simply holds, in effect, that where lands descend to two or more jointly, an order of the county court assigning the lands, or a portion thereof, to one of the heirs was unauthorized, because, in such case, the heirs would have to make voluntary partition or resort to the district court. The precise question now before us was not involved.

The defendants contend that the decree of the district court is erroneous in that it adjusts the advancements made to three of the devisees, whereas the county court has exclusive original jurisdiction in that behalf. In support of this contention we are cited to numerous authorities showing the exclusive jurisdiction of the county court in matters of probate. A review of the authorities on that point may be found in *Williams v. Miles*, 63 Neb. 859. But, as we have seen from the sections of the statute hereinbefore quoted, the right of a devisee to a partition of the real estate depends upon precisely the same conditions as his right to a division of the personal estate; in neither case is he obliged, under all circumstances, to wait until a final settlement of the estate. Where the real estate descends to two or more jointly, an action in partition will lie. Sec. 292, *supra*. Of such actions the county court has no jurisdiction (Compiled Statutes, ch. 20, sec. 2, Annotated Statutes, 4786) ; resort, therefore, must be had to the district court. The jurisdiction to partition or divide a portion of the estate among the devisees, of necessity, carries with it the power to determine such incidental questions as are necessarily involved in a just and equitable decree of partition. Where one or more of the devisees have had advancements which, as in this case, have not been adjusted, justice to the other devisees requires a proper adjustment of such advancements by the court decreeing partition. In this case, such adjustment involves no controversy as to the amount of the advancements, because the amount of each, as well as the shares of the devisees, is specified in the will, and conclusively established by the decree of the county court admitting it to

probate. Under such circumstances, it seems to us, there can be no doubt that the district court has jurisdiction to enter a decree whereby the respective interests of those receiving advancements are duly charged therewith; in no other way could the rights of all parties be fully protected against all contingencies.

But the defendants complain of the manner in which the district court adjusted the advancements. We discover no just ground for complaint in this respect. There were five devisees and, according to the terms of the will as well as the findings of the district court, three of them were respectively chargeable with the following advancements: $1,834.73, $1,631.57 and $858.04. Such advancements, for the purpose of computing the shares of the respective beneficiaries under the will, are to be considered as a part of the estate to be distributed. That is to say, they are not to be charged against those receiving them and credited to the other devisees, but the account is between the former and the estate in which they, as well as the latter, have a one-fifth interest each. That being true, each devisee who had received an advancement, as between him and the estate, is chargeable with the full amount, but, as between him and the other devisees, he is chargeable with but four-fifths of it. By its decree, the district court made four-fifths of each advancement a lien against the interest in the land, of the party receiving it, and in favor of the other devisees. That was proper. The decree further provides that each devisee has an undivided one-fifth interest in the whole amount of the advancements. As before stated, the account is primarily between those receiving the advancements and the estate, and as they have a one-fifth interest in the estate, that part of the decree gives them nothing more than the law itself gives them, and can not, therefore, be erroneous. Whether it is essential to the decree is another question.

The decree is assailed on another ground, namely, that it ignores that provision of the will giving two of the devisees only a life estate in an undivided one-fifth each in the

estate of the testator, and the power vested in the executor in respect thereto. This complaint, we think, is well founded. By the terms of the will, it is expressly provided that the shares of such devisees "shall not be given to them absolutely, but that they shall have the use thereof during their natural lives, and at their death or as either of them depart this life, the share which would otherwise have fallen to each one be equally divided between their children then living and heirs of their several bodies." The last paragraph of the will authorizes the executor to make division and invest the amounts set aside for the use of such devisees. The district court found that the executor, as such (he is also a devisee), had no interest whatever in the lands, and decreed accordingly, allowing him only the one-fifth devised to him personally by the testator. This is erroneous. The provisions of the will just referred to cast upon the executor a personal trust in addition to that which is inseparably connected with the office of executor; namely, the power to invest the shares of two of the devisees, with such other powers as are necessarily incident thereto at least. Such was clearly the intention of the testator. It is well settled that in the construction of a will the intention of the testator must be carried into effect, provided in so doing no rule of law or sound policy is violated. *McCulloch v. Valentine,* 24 Neb. 215; *St. James Orphan Asylum v. Shelby,* 60 Neb. 796. It is equally well settled, we think, that a court will not annul a trust, created by will, which charges a trustee with the care and supervision of real estate and requires the exercise of his discretion. *Outcalt v. Appleby,* 9 Stew. Eq. (N. J.) 73; *Ex Parte Cubbage v. Franklin,* 62 Mo. 364; *Naglee's Estate,* 52 Pa. St. 154; *Gregory v. Gates,* 30 Gratt. (Va.) 83. It follows, therefore, that the decree should have protected the interest of the executor, as trustee, in the shares of the two devisees who, by the terms of the will, take only a life estate, and to the extent that it ignores such interest it can not be sustained.

There is another respect in which we think the decree

of the district court is erroneous, and that is in regard to the defendants, Hannah Whitcomb and Eva Whitcomb, the wives of the defendants Edward and Dana Simpson Whitcomb, respectively. The court found that they had no right, title or interest in the lands. Their husbands were seized of an estate of inheritance in the land, consequently they each had an inchoate right of dower therein. Ordinarily, such inchoate right, once vested in the wife, can be devested only by her voluntary act. *Motley v. Motley,* 53 Neb. 375; *Nicoll v. Ogden,* 29 Ill. 323, 81 Am. Dec. 311. This rule, however, does not prevent a partition of lands in case it is incumbered by the inchoate right of dower of the wife of one of the joint tenants. In such case, the right of dower follows and attaches to the allotment of the husband, or to its equivalent in case of sale where division in kind can not be made. Section 831, Code of Civil Procedure, appears to have been expressly devised to meet contingencies of that character and is as follows:

"If the owner of any share thus sold has a husband or wife living, and if such husband and wife do not agree as to the disposition that shall be made of the proceeds of such sale, the court must direct it to be invested in real estate under the supervision of such person as it may appoint, taking the title in the name of the owner of the shares sold as aforesaid."

We think it follows that the findings and decree of the district court, as to the two defendants having an inchoate right of dower in the lands, is erroneous.

We come now to the objections to the confirmation of the sales. The first is that the lands were not sold "as upon execution" as provided by the decree, in that it was not appraised. The statute does not provide in express terms that a sale of lands under a decree in partition shall be "as upon execution," but that "the same notice of sale shall be given as when lands are sold on execution by the sheriff, and the sale shall be conducted in like manner." Code of Civil Procedure, sec. 817. In providing for the notice of such sales, the lawmakers indicated clearly that

they did not intend to include all the preliminary steps leading up to a sale by a sheriff in the clause "and the sale shall be conducted in like manner," but merely the manner of conducting the sale itself at the time and place fixed by the notice. Hence we do not think the statute contemplates an appraisement of the land in partition sales. That being true, the decree of the district court directing a sale as upon execution should be held to be no more than a direction that the land be sold according to law, that is in accordance with the provisions of section 817, *supra*, and not as imposing additional restrictions on such sale.

Another objection urged against the confirmation of the sales is, that the report of the referees fails to show that the purchase price, in each instance, had been paid or secured in accordance with the order of sale. The referees are under bonds for the faithful discharge of their duties; the court fixed the terms upon which they were authorized to sell, and they are responsible for the proceeds; the law provides that, upon confirmation of such sales, the court shall enter an order directing the referees, or any two of them, to execute conveyances in pursuance of such sales, but that no conveyances shall be made until the purchase money is paid or secured. Code of Civil Procedure, sec. 829. It is fair to presume that the referees will observe the law. If they do not, they are in no degree absolved from liability by the order of confirmation. This objection does not appear to us to be well founded.

It is next insisted that the order of confirmation is erroneous, because there was no report of incumbrances by the clerk, as required by section 819, Code of Civil Procedure. Subsequent sections relate to the procedure in case of incumbrances, and section 827 expressly provides that "the proceedings in relation to the incumbrances shall not delay the distribution of the proceeds of other shares in respect to which no difficulties exist." This clearly shows that it was not the intention of the lawmakers that a compliance with section 827 should necessarily precede

a valid sale. The record shows that after the sales, and before confirmation, the court directed the clerk to report as required by section 819. The funds are still within the control of the court, and a report by the clerk as to the incumbrances will serve all the purposes for which it is required, if filed at any time before a distribution of the funds and a final disposition of the case.

The defendants further contend that the proceedings are erroneous throughout, because certain lands in the state of Pennsylvania, of which the testator died seized, should have been included in the action and disposed of by the decree. They concede that the courts of this state have no jurisdiction of lands in another state, but insist that a personal adjudication would bind the parties, as in the case of a decree for specific performance for the conveyance of land in another state, enforceable by injunction, attachment or like process against the person, or which would be available in an action between the same parties in such other state, concerning the title to the lands lying there. The argument in this behalf is based on the assumption that the maxim, that equity operates *in personam* and not *in rem,* applies to cases of this character. But such is not the case. The statutory proceedings pursued in this case involve a division of the lands by referees appointed by the court, and, under certain circumstances, a sale thereof by such referees. Such proceedings, therefore, are essentially *in rem,* and the elementary rule that the courts of one state have no jurisdiction of lands lying in another applies with full force. Besides, we know of no rule that would compel the plaintiff to include all lands, subject to partition as between him and the defendants, in one action.

For the reasons hereinbefore stated, the decree of the district court, so far as it relates to the executor's share, as such, and to the defendants Hannah and Eva Whitcomb, the wives of defendants Edward and Dana Simpson Whitcomb respectively, should be reversed with directions to enter a decree in favor of the executor, as such, for one-

fifth of the land in trust, for the use of William Ahira Whitcomb, and one-fifth in trust for the use of Walter Olen Whitcomb, for the term of their respective natural lives, and upon the death of either of them, the share held to his use to be divided between his children then living and the heirs of their several bodies. As to the defendants Hannah and Eva Whitcomb, the decree should give each of them an inchoate right of dower in the share allotted to her husband, which should be protected before final disposition of the proceeds in the manner provided by section 831, *supra*. This would involve corresponding modifications of the decree as to William Ahira Whitcomb and Walter Olen Whitcomb and their children, as to the terms of the trust, and as to Edward Whitcomb and Dana Simpson Whitcomb to the extent of the dower interests of their wives. Such modifications of the decree will not affect that portion of the proceedings by which the referees were authorized to make partition and sale; the sale appears to have been fairly conducted, and no complaint is made, not hereinbefore considered, that the order directing the sale was not proper, or that the lands were not sold for their fair value; as before stated, the funds are still under the control of the court, consequently the interests of the several parties may be fully protected by proper orders of the district court. We are of the opinion, therefore, that the ends of justice will be fully served by a modification of the decree, in the manner hereinbefore indicated, leaving the subsequent proceedings undisturbed.

It is therefore recommended that the decree of the district court, as to the executor as such, and as to the defendants Hannah and Eva Whitcomb, be reversed and the cause remanded with directions to enter a decree in their favor in accordance with this opinion; and, that the decree in all other respects, and the order of confirmation, be affirmed.

DUFFIE, C., concurs,

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court, as to the executor as such, and as to the defendants Hannah and Eva Whitcomb, is reversed and the cause remanded with directions to enter a decree in their favor in accordance with this opinion; and that the decree in all other respects, and the order of confirmation is affirmed.

REVERSED IN PART.