WM. BEAUDOIN & SONS, INC., Appellant, v. MILWAUKEE COUNTY, Respondent.

*No. 265. Argued April 2, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 373.)

[12] *Supra,* footnote 8.

442

444

For the appellant there was a brief by *Tyson, Sawyer & Murphy* and *John J. Tyson,* all of Elm Grove, and oral argument by *John J. Tyson.*

For the respondent there was a brief by *Robert P. Russell,* corporation counsel, and *James J. Bonifas,* deputy corporation counsel, and oral argument by *Mr. Bonifas.*

BEILFUSS, J.    Beaudoin argues here that the evidence does not sustain the trial court's findings of fact and that the court's conclusion of law that because Beaudoin performed no services under Item 21 the provision dropped out of the contract and the county has no liability thereunder is erroneous.

A countless number of cases, both old and new, state the rule that findings of fact of a trial court sitting without a jury will not be upset upon appellate review unless those findings are against the great weight and clear preponderance of the evidence; and that credibility of the witnesses and weight of the testimony are within the province of the trier of fact, not to be interfered with unless clearly or manifestly wrong.

There is a dispute in the evidence as to whether Beaudoin did any of the work called for in Item 21. Howard Beaudoin and his brother, James, both testified that there were some concrete abutments they had to remove, together with other rubble.

The county engineer and the county project supervisor testified that after Northwestern left there were no abutments to remove and that all there was to be done was a slight amount of grading and cleaning up of debris

or rubble. This testimony was corroborated by the subcontractor of Beaudoin who did the cleanup work. Upon this testimony alone we would sustain the finding of the trial court.

More importantly, in making the finding the trial court relied heavily upon photographs of the site taken before Beaudoin started its work. The appellant did not see fit to include these photographs (slides) in the appeal record as exhibits. Clearly under these circumstances we will presume the trial court was correct and will not interfere.

Admittedly Beaudoin did some cleanup work at the site. The trial court found that the cleanup work was encompassed in another item of the contract and Beaudoin was compensated for it. Again, nowhere in the record here do we find even a copy of the contract—three isolated provisions, but not the contract. We cannot review evidence that is not before us; this finding of fact made by the trial court is sustained.

Beaudoin also claims there was, in fact, a contract between it and Northwestern. The trial court found there was none. We agree with the trial court that the evidence offered by Beaudoin was not sufficient to establish a contract between Beaudoin and Northwestern to perform the work required by Item 21. Northwestern did not see the contract, did not know the nature or extent of the work required and only asked permission to change the grade and remove some of the concrete remnants of the old bridge. Beaudoin's only response was it had no objection and in no way directed what was to be done or about how it was to be done. These "arrangements" (so designated by the trial court) do not reach the dignity or requirements of a contract.

There being no contract between Beaudoin and Northwestern to do any of the work required by Item 21, the

arguments as to the listing and notice requirements for subcontractors become immaterial and will not be discussed.

Beaudoin argues, as a matter of general contract law, that when it contracted to and was obligated to perform the work pursuant to the contract, and the work was satisfactorily completed, it is entitled to be compensated under the terms of the contract. We do not agree under the facts of this case.

Item 21 was inserted as a special item called for because of a change of plans not contemplated when the county entered into its contract with Bonness. Beaudoin did not notify or advise the county in any manner that Northwestern, on its behalf, was doing the work called for in Item 21. Prior to the time that Beaudoin moved any equipment to the site or performed any work, the condition that necessitated Item 21 no longer existed. There was nothing that Beaudoin had to do or perhaps even could do to perform any obligations it might have had under Item 21.

The Restatement of Contracts [1] and others recognize the doctrine of *Discharge by Supervening Frustration.* The tentative draft cited in the footnote provides:

> "Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary."

We believe this to be a sound statement of the law and adopt it.

Under this rule the principal purpose of Item 21 was frustrated by the intervening act of Northwestern and

---

[1] 1 Restatement, *Contracts,* p. 427, sec. 288 and Restatement 2d, *Contracts,* Tentative Draft No. 9 (April 8, 1974), p. 77, sec. 285.

Beaudoin's duty of performance was discharged. Beaudoin had no duty to perform and is not entitled to the compensation provided in the contract.

The trial court's conclusion of law that Item 21 dropped out of the contract as far as Beaudoin was concerned and that the county is not liable to Beaudoin for payment is not error.

*By the Court.*——Judgment affirmed.