IN RE the ESTATE OF James F. SHEPPARD:

Thomas S. RYAN, Appellant,†

v.

Estate of James F. SHEPPARD, Respondent.

Court of Appeals

*No. 2009AP1307. Submitted on briefs May 7, 2010.
—Decided July 14, 2010.*

2010 WI App 105

(Also reported in 789 N.W.2d 616.)

† Petition For Review Denied 10-27-10.

On behalf of the appellant, the cause was submitted on the briefs of *William V. Gruber* of *Glojek Ltd., Attorneys at Law*, West Allis.

On behalf of the respondent, the cause was submitted on the brief of *Michael E. McMorrow*, Mequon.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. ANDERSON, J.    Thomas S. Ryan appeals from an order granting summary judgment to the Estate of James F. Sheppard (the Estate) on Ryan's claim for $105,000 arising from a contract for future personal services that were never rendered. Sheppard's death substantially frustrated the contract's principal purpose. We therefore affirm the circuit court's decision.

¶ 2.    On April 11, 2007, Sheppard and Ryan entered into a two-year agreement for flight instruction services, with the relevant portions of the agreement providing:

(A). I James F. Sheppard agree to pay to Thomas S. Ryan $35,000 (thirty five thousand dollars) per year plus expenses starting on January 1st 2008 and ending on January 1st 2010 for pilot services as my personal instructor and pilot in command . . . .

(B). I Thomas S. Ryan do hereby agree to and accept the terms and conditions as presented in the above paragraph (A) of this contract.

¶ 3.   The parties had known each other since the late 1970s, and Sheppard had previously received flight instruction from Ryan. On July 2, 2007, before any flight instruction related to the April 11 agreement had taken place, Sheppard died. Ryan filed five claims against Sheppard's estate, including a claim for future services under the April 11, 2007 agreement totaling $105,000.[1] The Estate moved for summary judgment on each claim. The circuit court for Washington county found the contract agreement inadmissible as a written contract, but held a contract for future services existed outside of the statute of frauds with no need for a legally sufficient writing. Further, the court granted summary judgment to the Estate on the claim for future services. It concluded that Sheppard's death made the agreement unenforceable due to the frustration of its main purpose. Ryan now appeals.

¶ 4.   Where, as here, no material facts are in dispute and the other requirements of the summary judgment methodology are met, summary judgment is an appropriate means of raising and deciding the legal issues presented. *See Smith v. State Farm Fire & Cas. Co.*, 127 Wis. 2d 298, 300, 380 N.W.2d 372 (Ct. App.

---

[1] In its decision, the circuit court noted, "Since this claim 'ends' January 1, 2010, it would seem that the claim should be for $70,000, rather than $105,000."

1985). On appeal, we consider whether to grant summary judgment de novo, owing no deference to the circuit court's decision. *Waters v. United States Fid. & Guar. Co.,* 124 Wis. 2d 275, 278, 369 N.W.2d 755 (Ct. App. 1985). This court applies the standards of Wis. Stat. § 802.08 (2007–08)[2] in the same manner as the circuit court. *General Cas. Co. v. Hills,* 209 Wis. 2d 167, 175, 561 N.W.2d 718 (1997). The court must examine the pleadings to determine whether there are any material issues of fact in dispute. *Park Bancorporation, Inc. v. Sletteland,* 182 Wis. 2d 131, 140, 513 N.W.2d 609 (Ct. App. 1994). The party moving for summary judgment bears the burden of establishing the absence of a factual dispute and entitlement to judgment as a matter of law. *Id.* at 141.

¶ 5. The Estate contends that the April 11, 2007 agreement is unenforceable as a matter of law under the doctrine of frustration of purpose. It argues the agreement was for personal services, requiring physical participation and direction from Sheppard. As a result, Sheppard's death frustrated the main purpose of the contract. Moreover, the Estate has moved for an order ruling Ryan's appeal frivolous and granting fees and costs to the Estate.

¶ 6. Ryan argues the doctrines of frustration of purpose and impossibility do not apply to the agreement. He claims that Sheppard's obligations in the contract were not personal to him, allowing the Estate to assume Sheppard's duties—specifically by paying Ryan.

¶ 7. There are no Wisconsin cases directly on point with respect to frustration of purpose for a

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

personal services contract in which the person—who is to receive instruction for pay—dies before that instruction occurs and the person—who was to provide the instruction—seeks to uphold the agreement.

¶ 8. The April 11, 2007 agreement is a contract for personal services. Personal services are defined as "economic service[s] involving either the intellectual or manual personal effort of an individual." BLACK'S LAW DICTIONARY 1180 (8th ed. 2004). It is also a bilateral contract in which each party is an obligor on his or her own promise and an obligee on the other's. *See id.* at 342. Under the terms of the agreement, Sheppard was to pay Ryan in exchange for receiving personal flight instruction and the services of a pilot in command. We agree with the Estate that in either role Sheppard was directly and personally involved either as a student of instruction or as an employer, directing his "pilot in command."

¶ 9. The well-settled rule is that death alone does not discharge contractual obligations. *See Volk v. Stowell*, 98 Wis. 385, 390, 74 N.W. 118 (1898). However, the many exceptions to this rule include personal service contracts, "where distinctly personal considerations are at the foundation of the contract." *See id.*; *see also Levy v. Wilmes*, 239 Ill. App. 229, 232–33 (Ill. App. Ct. 1926). In such a case, "the relation of the parties is dissolved by the death of him whose personal qualities constituted the particular inducement to the contract." *Volk*, 98 Wis. at 390. Other jurisdictions have held that personal services contracts contain an implied condition "that sickness or death shall be an excuse for nonperformance" by *either party. Dubrow v. Briansky Saratoga Ballet Ctr., Inc.*, 327 N.Y.S.2d 501,

503 (N.Y. Civ. Ct. 1971).[3] In such a situation, "[n]either party contemplates substitution by another; their relation is personal and dependent on individuality of the contracting parties." *Id.* at 504.

¶ 10.  Ryan contends the contract is not for personal service and that Sheppard's death does not preclude performance. He interprets the agreement as saying Sheppard was not required to specifically and personally perform his promise in the agreement and that the Estate can simply pay Ryan his future salary under the contract. Ryan essentially argues he is able to fulfill his end of the bargain simply by being available to the Estate for flight services and that the Estate is capable of performing Sheppard's promise by paying Ryan.

¶ 11.  Ryan's argument is unpersuasive. It completely misinterprets Ryan's duty under the agreement, which we must construe as written. *See Amcast Indus. Corp. v. Affiliated FM Ins. Co.*, 221 Wis. 2d 145, 164, 584 N.W.2d 218 (Ct. App. 1998); *see also* RESTATEMENT (SECOND) OF CONTRACTS §§ 210, 212 (1981). The terms of the agreement specify that Ryan was to serve as Sheppard's "*personal* instructor and pilot *in command.*" (Emphasis added.) The contract therefore specifies not only the services that must be rendered, but also *for*

---

[3] Contrary to Ryan's argument, WIS. STAT. RULE 809.23(3) does not prohibit us from citing to this decision. In *Brandt v. LIRC*, we held that the statute does not proscribe citation to circuit court decisions, noting "the statutory scenario of [WIS. STAT. ch.] 809 concerns appellate procedure generally and . . . RULE 809.23(3), *read in context*, concerns only court of appeals decisions." *Brandt v. LIRC*, 160 Wis. 2d 353, 363, 466 N.W.2d 673 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 480 N.W.2d 494 (1992). Our holding in *Brandt* rationally extends to include circuit court decisions from other states.

*whom* they are provided. As Sheppard's death prohibited him from obtaining personal flight instruction, it follows that Ryan can no longer instruct Sheppard or serve as his pilot. The services Ryan promised to provide are now impossible to perform.

¶ 12.  The doctrine of frustration of purpose, referred to generally as "frustration," or as "discharge by supervening frustration" by the Restatement, is as follows:

> Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary.

RESTATEMENT (SECOND) OF CONTRACTS § 265. *See also* WIS JI—CIVIL 3070.

¶ 13.  In 1974, the Wisconsin Supreme Court adopted a tentative draft of this section into the common law. *Wm. Beaudoin & Sons, Inc. v. Milwaukee County*, 63 Wis. 2d 441, 448, 217 N.W.2d 373 (1974). Frustration of purpose requires that "(1) the party's principal purposes in making the contract is frustrated; (2) without that party's fault; (3) by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made." *Chicago, Milwaukee, St. Paul & Pac. R.R. Co. v. Chicago & N. W. Transp. Co.*, 82 Wis. 2d 514, 523–24, 263 N.W.2d 189 (1978) (citing *Wm. Beaudoin & Sons, Inc.*, 63 Wis. 2d at 448). This doctrine addresses situations in which "a change in circumstances makes one party's performance virtually worthless to the other, frustrating his

540

purpose in making the contract." RESTATEMENT (SECOND) OF CONTRACTS § 265 cmt. a. So long as these elements are met, the Estate's duties under the agreement are discharged.

■■

¶ 14.   We agree with the circuit court's conclusion that the purpose of the agreement has been frustrated, discharging the Estate of its applicable duties. While Sheppard's *promise* in the agreement was only to pay, his *purpose* in making the contract is clear:  to obtain personal flight instruction and pilot services, as evidenced by Ryan's obligations. In a personal service contract such as this one, a basic assumption is that both parties will be alive. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 262, 265 cmt. a. Sheppard's death, then, frustrated the contract's purpose—it made personal flight instruction unfeasible. When there is nothing an obligor can do to fulfill his or her contractual duties, the obligee's duty to compensate is excused. *See Wm. Beaudoin & Sons, Inc.*, 63 Wis. 2d at 448–49. The Estate's duty to render payment is thus discharged under frustration of purpose.

¶ 15.   Ryan claims the circuit court incorrectly construed the receipt of flight instruction as the sole purpose of the agreement and failed to acknowledge other evidence showing that the purpose of the contract was to obtain Ryan's "forbearance in pursuing other business enterprises." This is nowhere to be found in the agreement as written and does not raise a genuine issue of material fact. Ryan was not forbidden from instructing or piloting for others during his prospective employ as Sheppard's flight instructor or pilot in command. Moreover, the circuit court identified flight instruction as the "main" purpose of the contract and not its "only" purpose, as Ryan claims. This is a correct

application of the doctrine, which targets the frustration of a contract's "principal" purpose. RESTATEMENT (SECOND) OF CONTRACTS § 265.

¶ 16.  In essence, the April 11, 2007 agreement is unenforceable due to a failure of consideration:  Ryan can no longer instruct Sheppard, so the consideration Ryan promised cannot be provided. While the Estate can still step into Sheppard's shoes and pay Ryan, the duty to pay "is nevertheless discharged because its condition precedent—the rendition of the servant's work—has become impossible." 14–75 CORBIN ON CONTRACTS § 75.2 (2010);[4] *see also Wilmes*, 239 Ill. App. at 235 (holding the death of hotel proprietor terminated a contract with hotel employee). Under such circumstances, finding the contract unenforceable "is easy to justify." 14–75 CORBIN § 75.2.[5]

¶ 17.  The Estate has moved for attorney fees and costs on grounds that this appeal is frivolous pursuant to WIS. STAT. RULE 809.25(3)(c)2. We deny the motion. To be frivolous, the appeal must be without any basis in law. *Black v. Metro Title, Inc.*, 2006 WI App 52, ¶ 15 n.3, 290 Wis. 2d 213, 712 N.W.2d 395. The issue presented by the instant case has never been the subject of an appellate decision in Wisconsin; therefore, the appeal is not frivolous. *See id.*

¶ 18.  We affirm the circuit court's decision granting summary judgment and hold that the contract is unenforceable under frustration of purpose as articulated by the Restatement and related Wisconsin cases.

---

[4] *See also* 14–75 CORBIN ON CONTRACTS § 75.2 at 130 (Joseph M. Perillo ed. 2001).

[5] *See also* 14–75 CORBIN ON CONTRACTS § 75.2 at 126 (Joseph M. Perillo ed. 2001).

Applying this doctrine discharges the Estate's duty to pay Ryan for future services that cannot be rendered.

*By the Court.*—Order affirmed.