Thomas L. DANIELSON, Plaintiff-Appellant,†

v.

The LARSEN COMPANY, ABC Insurance Company, and XYZ Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 94–3386. Submitted on briefs September 11, 1995.—Decided October 19, 1995.*

(Also reported in 541 N.W.2d 507.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Craig R. Johnson* and *Nicholas J. Loniello* of *Loniello Johnson Simonini* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Peggy E. Straub* of *Law Offices of Stilp, Cotton and Wells* of Milwaukee.

Before Eich, C.J., Dykman and Vergeront, JJ.

VERGERONT, J. Thomas Danielson appeals from a judgment granting The Larsen Company's motion to dismiss his complaint and denying his motion to amend the complaint. In his complaint, Danielson alleged that he was entitled to compensation for injuries he sustained in an accident while employed by Larsen under several insurance policies issued to Larsen. Danielson raises two issues on appeal: (1) whether Larsen waived the exclusive remedy provision of the Worker's Compensation Act by purchasing a worker's compensation and employer's liability insurance policy from Employers Insurance of Wausau (Wausau); and (2) whether Wausau waived or limited its right to reimbursement under § 102.29(1), STATS., for payments made to Danielson on behalf of Larsen by the terms of an endorsement to the policy. We resolve each issue against Danielson and affirm.

## BACKGROUND

Danielson was injured in the course of his employment with Larsen. While standing next to a corn picker parked on the side of a road, he was struck by a car driven by Shelly Tomlinson. Pursuant to a worker's compensation insurance and employer's liability insurance policy issued to Larsen by Wausau, Wausau paid worker's compensation benefits under ch. 102, STATS., to Danielson for the injuries he sustained as a result of the accident.

Danielson also filed a third-party action against Tomlinson and American Family Insurance Company. Danielson settled the action for $100,000. Pursuant to § 102.29(1), STATS.,[1] Danielson reimbursed Wausau $37,329.50 from the settlement he reached with American Family.

Danielson then commenced this action against Larsen and two unnamed insurers. In his complaint, Danielson alleged that he was an insured under a commercial general liability insurance policy, an automobile liability insurance policy and/or umbrella liability insurance policy issued to Larsen by certain unknown insurance companies, and that he was entitled to compensation for his injuries under these policies.[2]

Larsen filed a motion to dismiss the complaint on the ground that Danielson had not stated a claim upon which relief could be granted. Larsen's position was that Danielson had received worker's compensation

[1] Section 102.29(1), STATS., provides that the proceeds of an injured employee's third-party action against a tortfeasor shall be divided as follows:

> After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer . . . shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter . . . . Any balance remaining shall be paid to the employe or the employe's personal representative or other person entitled to bring action.

[2] In his brief, Danielson's counsel explained that he suspected these policies might reveal underinsured motorist coverage for Danielson as an insured under the policies. He added, however, that when the policies were produced pursuant to a discovery request, he realized his complaint was "off target."

benefits and that this was his exclusive remedy against Larsen under § 102.03(2), STATS.[3] Larsen also argued that, in any event, Danielson had not alleged any negligence on the part of Larsen such that Larsen would be liable under any of its insurance policies.

Danielson, in turn, filed a motion for leave to amend his complaint to allege a common law negligence claim against Larsen. He acknowledged that worker's compensation is generally an injured employee's exclusive remedy against his employer. However, he argued that Larsen had voluntarily insured its employees over and above the statutory limits of worker's compensation law by purchasing employer's liability insurance from Wausau.

In a supplemental brief in opposition to the motion to dismiss and in support of his motion for leave to amend the complaint, Danielson stated that he also intended to assert an unjust enrichment claim against Wausau to recoup the amount Wausau had claimed under § 102.29(1), STATS., in Danielson's third-party action settlement. Danielson argued that pursuant to a Wisconsin law endorsement to the worker's compensation insurance and employer's liability insurance policy, Wausau had waived or limited its right to reimbursement of worker's compensation benefits paid under § 102.29(1) until Danielson was made whole.

The trial court granted Larsen's motion to dismiss and denied Danielson's motion for leave to amend the complaint. The trial court held that worker's compen-

---

[3] Section 102.03(2), STATS., provides in part:

Where such conditions [for benefits under ch. 102, STATS.] exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier.

sation was the only remedy available to Danielson since the employer's liability insurance issued to Larsen could not be read to waive the exclusive remedy provision in § 102.03(2), STATS. The trial court also ruled that even if there were extra coverage under the employer's liability insurance, Danielson had not alleged any negligence on the part of Larsen which would justify leave to amend the complaint. According to the trial court, because the complaint failed to state a claim against Larsen and could not be amended to state a claim against Larsen, Danielson's action had to be dismissed. The court did not specifically address Danielson's argument regarding the Wisconsin law endorsement's effect on Wausau's statutory right to reimbursement under § 102.29(1), STATS.

The resolution of the issues in this case involves an interpretation of the insurance policy issued by Wausau. The interpretation of an insurance policy is a question of law. *Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621, 624 (1992). This court decides questions of law *de novo*. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). In construing an insurance contract, a construction that gives reasonable meaning to every provision is preferable to one leaving part of the language useless or meaningless. *Stanhope v. Brown County*, 90 Wis. 2d 823, 848-49, 280 N.W.2d 711, 722 (1979).

## EXCLUSIVITY OF WORKER'S COMPENSATION

Danielson contends that Larsen waived the exclusive remedy provision of the Worker's Compensation Act, § 102.03(2), STATS., by the express terms of the employer's liability insurance it purchased from Wausau.

In Wisconsin, worker's compensation is the exclusive remedy an injured employee has against his or her employer. Section 102.03(2), STATS. However, an insurer can waive statutory immunity under § 102.03(2) through the terms of its policy. *Maas*, 172 Wis. 2d at 82, 492 N.W.2d at 625; § 102.30(2), STATS. For a waiver of immunity to occur, there must be express policy language indicating that waiver was intended. *Id.*

Wausau provided both worker's compensation insurance and employer's liability insurance to Larsen in a single policy. This single policy covers Larsen in all the states in which it conducts business, including Wisconsin. Part I of the policy is worker's compensation insurance. Part II of the policy is employer's liability insurance.

The worker's compensation insurance (Part I) provides that it "applies to bodily injury by accident or bodily injury by disease," and that "[w]e will pay promptly when due the benefits required of you by the workers compensation law." In a section entitled "Recovery From Others," the insurance provides: "We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them." Part I also states: "Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law."

The employer's liability insurance (Part II) provides that it "applies to bodily injury by accident or bodily injury by disease." It states:

> We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
>
> The damages we will pay, where recovery is permitted by law, include damages:
>
> 1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
>
> 2. for care and loss of services; and
>
> 3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; . . . and
>
> 4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

In a section entitled "Recovery From Others," Part II provides: "We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them." Part II also contains the following exclusion: "This insurance does not cover . . . any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law."

Danielson alleges that there is an express waiver of the immunity under § 102.03(2), STATS., because both the worker's compensation insurance and the employer's liability insurance provide coverage for bodily injury to Larsen's employees. In Danielson's view, this demonstrates that Larsen intended to provide cov-

erage *in addition to* worker's compensation for its employees injured in the course of their employment.

However, while the scope of coverage in both parts of the policy is the same, the employer's liability insurance plainly states that, "This insurance does not cover ... any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law." It is undisputed that Danielson's injuries gave rise to an obligation under worker's compensation law. Therefore, the employer's liability insurance does not cover Danielson's injuries. Danielson's argument that this exclusion was designed only to prevent double recovery by deducting worker's compensation benefits from the scope of the employer's liability insurance is not persuasive. We read the exclusion to unambiguously state that the employer's liability insurance applies only where worker's compensation immunity does not.

Moreover, the employer's liability insurance provides coverage only for sums which Larsen "legally must pay." Under § 102.03(2), STATS., Larsen is not legally obligated to pay anything more than worker's compensation benefits absent an express waiver. The fact that both parts of the policy provide coverage for bodily injury to Larsen's employees does not constitute an express waiver of the statutory immunity under § 102.03(2). The policy provides insurance coverage for Larsen in the many states in which it does business, including Wisconsin. Each state varies with respect to what injuries are covered under worker's compensation law and what benefits are required. In Wisconsin, for example, an employer's liability extends beyond worker's compensation when the employer acted in a "dual persona" capacity. *See Henning v. GM Assembly Div.*, 143 Wis. 2d 1, 419 N.W.2d 551 (1988); *Schweiner*

*v. Hartford Accident and Indem. Co.*, 120 Wis. 2d 344, 354 N.W.2d 767 (Ct. App. 1984). For this reason, Larsen might reasonably seek insurance coverage for employment-related incidents not covered by a worker's compensation statute, as well as for employment-related injuries that are covered by worker's compensation.

Danielson's reliance on *Maas* is incorrect. In *Maas*, four employees of a home cleaning company were injured or killed when the automobile in which they were riding, leased by the company, crossed an intersection against a stop sign and collided with a truck. The issue was whether an endorsement to the company's general liability insurance policy, which removed a co-employee exclusion from the policy, waived the exclusive remedy provision of the Worker's Compensation Act, § 102.03(2), STATS. *Maas*, 172 Wis. 2d at 80, 492 N.W.2d at 625.

The general liability policy in *Maas* provided that the insurer would pay all sums the insured legally must pay as damages because of bodily injury caused by an accident, except bodily injury to any fellow employee arising out of his or her employment. An endorsement to the policy provided that the co-employee exclusion did not apply if the bodily injury resulted from the use of an auto owned by the company. The court concluded that the endorsement waived the exclusive remedy provision of the Worker's Compensation Act because any other interpretation would render the endorsement meaningless. *Id.* at 80-81, 492 N.W.2d at 625. The only way to give meaning to all of the policy's provisions, including the endorsement, was to read the endorsement as waiving the co-employee immunity provided by § 102.03(2), STATS. *Id.* at 81, 492 N.W.2d at 625.

In *Maas*, the endorsement unambiguously provided that the exclusion relating to bodily injury to fellow employees did not apply if the bodily injury resulted from the use of a covered auto. Here, in contrast, Danielson is unable to point to any language that can be construed as waiving the exclusivity provision or indicating an intent to provide benefits above those required by the worker's compensation law.

Because Danielson's exclusive remedy for his injuries was worker's compensation, the trial court properly dismissed his complaint and denied his motion for leave to amend his complaint to allege a common law negligence claim against Larsen.

## REIMBURSEMENT UNDER § 102.29(1), STATS.

Danielson next contends that Wausau waived or limited its right to reimbursement under § 102.29(1), STATS., until he has been made whole, by the terms of an endorsement to the policy. According to Danielson, since he has not been made whole the trial court erroneously denied his motion for leave to amend his complaint to add an unjust enrichment claim to recoup the amounts Wausau received from his third-party settlement.

While worker's compensation is an injured employee's exclusive remedy against his or her employer, the employee may pursue claims against third-party tortfeasors, as Danielson did in this case. *See Nelson v. Rothering*, 174 Wis. 2d 296, 302, 496 N.W.2d 87, 90 (1993). When an injured employee sues a third-party tortfeasor, § 102.29(1), STATS., governs the distribution of proceeds recovered. It provides a distribution scheme under which the employee receives at

least one-third of any proceeds after costs and collection fees, and the compensation insurer is reimbursed as fully as possible from the remainder of the sum collected, with any balance going to the employee. *Id.* at 303, 496 N.W.2d at 90. With the consent of the parties, a trial court may deviate from the statutory formula. *Id.* at 304, 496 N.W.2d at 91.

Danielson argues that the following provision of the Wisconsin law endorsement, attached to the worker's compensation and employer's liability policy, waives Wausau's reimbursement rights under § 102.29(1), STATS., until he is made whole:

> This policy is amended to reflect the following changes and/or additions to clarify or comply with Wisconsin Law:
>
> . . . .
>
> IV. Any language involving "Recovery From Others" is amended to provide that we are entitled to recover our payments under this policy from anyone liable for the covered injury, but only if you and the persons entitled to benefits under this insurance have been fully compensated.[4]

---

[4] The entire section of the endorsement provides:

This policy is amended to reflect the following changes and/or additions to clarify or comply with Wisconsin Law:

I. If our agent has knowledge of a change in or a violation of a policy condition, this will be considered our knowledge and will not void the policy or defeat a recovery for a claim.

II. "Workers Compensation Law" means Chapter 102, Wisconsin Statutes. It does not include and this policy does not apply to any obligation under Chapter 40, Wisconsin Statutes, or Section 66.191, Wisconsin Statutes, or any amendment to these laws.

III. Any language involving "Actions Against Us" is replaced and amended to provide that no legal action may be brought against us until there has been full compliance with all the terms of this policy.

■ The Wisconsin law endorsement applies to both the employer's liability portion of the policy and the worker's compensation portion of the policy. With respect to the employer's liability insurance, the policy includes a section entitled "Recovery From Others," which provides that Wausau has "your rights to recover our payment from anyone liable for an injury covered by this insurance." Without the Wisconsin law endorsement, this provision would contravene Wisconsin insurance law. Under Wisconsin common law rules of subrogation, one who claims subrogation rights is barred from any recovery unless the insured is made whole. *Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 272, 316 N.W.2d 348, 353 (1982). Even though an insured has recovered from a tortfeasor a sum more than sufficient to equal the subrogated amount claimed by the insurer, the insurer is not entitled to subrogation unless the insured has been made whole for his or her loss. *Id.* at 271-72, 316 N.W.2d at 353. The employer's liability insurance would contravene Wisconsin insurance law because it does not condition Wausau's right to recover its payments on whether an employee has been made whole by his or her third-party action. However, consistent with the endorsement's stated purpose "to clarify or comply

---

IV. Any language involving "Recovery From Others" is amended to provide that we are entitled to recover our payments under this policy from anyone liable for the covered injury, but only if you and the persons entitled to benefits under this insurance have been fully compensated.

V. If an injury occurs that may be covered by this insurance, the policy is amended to provide that you must notify us of that injury as soon as reasonably possible.

VI. The Cancellation Condition of the policy, as respects coverage provided in Wisconsin, is replaced . . . .

with Wisconsin Law,"[5] the endorsement permits Wausau to recover from others payments made under the employer's liability insurance only after the employee is fully compensated.[6]

■

With respect to the worker's compensation insurance, the insurance also includes a section entitled "Recovery From Others," which provides that Wausau has "your rights, and the rights of persons entitled to benefits of this insurance, to recover our payments from anyone liable for the injury." However, unlike the identical section in the employer's liability insurance, this section in the worker's compensation insurance does not conflict with Wisconsin law on subrogation.[7]

---

[5] Danielson contends that it is unclear whether the phrase "to clarify or comply with Wisconsin Law" modifies both "additions" and "changes," or only "additions." According to Danielson, a fair reading is that the intended "changes" are not designed "to clarify or comply with Wisconsin Law." We disagree. The endorsement plainly provides that the policy is "amended" by making certain changes and/or additions in order to clarify or comply with Wisconsin law. Danielson concedes that, with the exception of the "fully compensated" provision, the other provisions of the endorsement were inserted "to conform the policy to insurance requirements codified in Wisconsin Statutes regulating insurance contracts." Danielson does not explain why the "fully compensated" provision would be an exception.

[6] While the endorsement uses the term "fully compensated," as opposed to "made whole," the terms are synonymous. *See Rimes v. State Farm Mut. Auto. Ins. Co*, 106 Wis. 2d 263, 275, 316 N.W.2d 348, 355 (1982) ("The injured or aggrieved party is not made whole unless *all* his damages arising out of the tort have been fully compensated.") (emphasis in original).

[7] The "Recovery From Others" section in the worker's compensation insurance does not refer to the distribution scheme

In *Martinez v. Ashland Oil, Inc.*, 132 Wis. 2d 11, 390 N.W.2d 72 (Ct. App. 1986), this court ruled that common law rules of subrogation do not apply to worker's compensation. The carrier's right of subrogation under § 102.29(1), STATS., supersedes the employee's rights to be "made whole" and is not contingent upon the size of the third-party settlement agreement. *Id.* at 16, 390 N.W.2d at 74. *See also Nelson*, 174 Wis. 2d at 306, 496 N.W.2d at 92.

Since the endorsement expressly provides that its purpose is to make the policy comply with Wisconsin law, the language Danielson relies on cannot reasonably be construed as a consent to a deviation from, or a waiver of, the statutory scheme of distribution under § 102.29(1), STATS.

Danielson's reliance on *Maas* is again incorrect. In *Maas*, the endorsement was interpreted as an express waiver of the statutory immunity granted by § 102.03(2), STATS., because that was the only interpretation that gave meaning to all the terms of the policy, including the endorsement. *Maas*, 172 Wis. 2d at 82, 492 N.W.2d at 625. The Wausau endorsement, in contrast, is not meaningless unless interpreted as a waiver or limitation of Wausau's reimbursement rights under § 102.29(1), STATS. Rather, the endorsement brings the "Recovery From Others" section of the employer's lia-

---

under § 102.29(1), STATS., and read alone, appears inconsistent with Wisconsin law in that sense. However, another section in the worker's compensation insurance provides that all terms that conflict with worker's compensation law are changed to conform to that law. Read in its entirety then, the worker's compensation insurance permits Wausau to recover from others worker's compensation benefits paid to an employee only as allowed by § 102.29(1).

bility insurance into compliance with Wisconsin insurance law.

Because the endorsement is not an express waiver of Wausau's right to reimbursement under § 102.29(1), STATS., until the employee is made whole, the trial court did not erroneously exercise its discretion in denying Danielson's motion for leave to amend his complaint to allege an unjust enrichment claim against Wausau.

*By the Court.*—Judgment affirmed.