Scott R. MEYER, Plaintiff-Appellant,

v.

UNITED STATES FIRE INSURANCE COMPANY, a foreign corporation, Defendant-Respondent,

Keith A. HAMILTON, Michigan Mutual Insurance Company, a foreign corporation, XYZ Insurance Company and ABC Insurance Company, Defendants.

Court of Appeals

*No. 97–1831. Submitted on briefs March 3, 1998.—Decided April 1, 1998.*

(Also reported in 582 N.W.2d 40.)

500

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph G. Doherty* and *Patrick R. Griffin* of *Bunk, Doherty & Griffin, S.C.* of West Bend.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William J. Katt* and *Vicki L. Arrowood* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim, JJ.

SNYDER, P.J.  Scott R. Meyer appeals from a summary judgment granted to United States Fire Insurance Company (U.S. Fire) in which the court determined that a U.S. Fire policy purchased by Meyer's employer, Milliken Millwork, Inc., did not provide coverage for Meyer's injuries. Meyer presents a single issue for review: whether the purchase by Milliken of a primary insurance policy waiving fellow employee tort immunity was a contractual assumption of liability such that Meyer was covered under the U.S. Fire umbrella policy. Because we conclude that the language of the U.S. Fire policy precluded such coverage without a specific written agreement between Milliken and Meyer agreeing to indemnify Meyer, and no such written agreement exists, we affirm the summary judgment dismissing U.S. Fire.

The facts relevant to the appeal are undisputed. At the time of the accident, Meyer was an employee of Milliken. Meyer was injured while working at the load-

ing dock when another employee backed a semi-trailer into him, pinning him between the rear of the trailer and the loading dock. As a result, he is now a paraplegic.

Both the truck tractor and the semi-trailer were insured under a motor vehicle liability insurance policy issued by Michigan Mutual Insurance Company. This policy also contained an endorsement which deleted the fellow employee liability exclusion to the extent of the policy limits.[1] Milliken also carried a commercial umbrella policy issued by U.S. Fire which is the subject of this appeal. That policy excluded coverage for " 'Bodily injury' to . . . [a]n employee of the 'insured' arising out of and in the course of employment by the 'insured' . . . ." However, the policy also included the following provision: "We will pay on behalf of the 'Insured' those sums in excess of the 'Retained Limit' which the 'Insured' by reason of liability imposed by law, *or assumed by the 'Insured' under contract* . . . shall become legally obligated to pay . . . ." (Emphasis added.) Meyer claims that "Milliken contractually assumed liability for co-employee accidents by purchasing the Michigan Mutual insurance contract with the co-employee immunity waiver endorsement." Therefore, he reasons, the umbrella policy purchased from U.S. Fire provides $1,000,000 of coverage for this occurrence

---

[1] Except for this endorsement, Milliken's liability would be circumscribed by § 102.03(2), STATS., which makes worker's compensation the "exclusive remedy against the employer." However, because of the endorsement in the Michigan Mutual Insurance Company's policy deleting this exclusion, the trial court determined that the Michigan Mutual policy provides $2,000,000 of coverage in this instance. An appeal of that decision is pending before this court.

above and beyond the $2,000,000 contractually assumed under the Michigan Mutual policy.

The trial court disagreed and instead determined that without a specific contract between Milliken and Meyer to indemnify Meyer, the U.S. Fire policy did not provide coverage. Concluding that "[t]he contract that would be necessary . . . a waiver, is one that . . . should be specifically assumed," the trial court granted U.S. Fire's motion for summary judgment. Meyer appeals.

■■■■

Summary judgment is an appropriate method for determining insurance policy coverage. *See Home Ins. Co. v. Phillips,* 175 Wis. 2d 104, 109, 499 N.W.2d 193, 196 (Ct. App. 1993). Summary judgment will be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See id.* at 110, 499 N.W.2d at 196. A trial court's order for summary judgment is reviewed without deference to the lower court. *See id.*

■■■■

The coverage issue requires us to construe the U.S. Fire policy. We interpret an insurance policy using the same rules of construction that are applied to other contracts. *See Allstate Ins. Co. v. Gifford,* 178 Wis. 2d 341, 346, 504 N.W.2d 370, 372 (Ct. App. 1993). "The policy language, as the agreed-upon articulation of the bargain reached between the parties, is dispositive to the extent it is plain and unambiguous." *Id.* If the terms of an insurance contract are plain on their face, the policy must not be rewritten by construction. *See id.* An insurance contract is to be construed so as to give effect to the intentions of the contracting parties. *See Kennedy v. Washington Nat'l Ins. Co.,* 136 Wis. 2d 425, 428, 401 N.W.2d 842, 844 (Ct. App. 1987). When the terms of the policy are unambiguous, they should

be applied according to their everyday meaning, except where the policy itself provides an application definition. *See Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 736, 351 N.W.2d 156, 164 (1984). We do this in order to ascertain what a reasonable insured's anticipation of coverage would be. *See id.*

In this state, worker's compensation is the exclusive remedy that an injured employee has against his or her employer. *See Danielson v. Larsen Co.*, 197 Wis. 2d 799, 807, 541 N.W.2d 507, 510 (Ct. App. 1995); *see also* § 102.03(2), STATS. However, an insurer can waive statutory immunity under § 102.03(2) through the terms of its policy. *See Danielson*, 197 Wis. 2d at 807, 541 N.W.2d at 510. For a waiver to occur, there must be express policy language indicating that waiver was intended. *See id.*

It is undisputed that the Michigan Mutual policy in effect at the time of the accident contained an endorsement which waived statutory immunity under § 102.03(2), STATS. The Michigan Mutual policy was Milliken's primary policy. It is conceded that the U.S. Fire policy did not contain any language which specifically waived fellow employee immunity. However, Meyer argues that Milliken's purchase of a primary policy from Michigan Mutual waiving co-employee immunity "operates to create coverage in this case under U.S. Fire's excess policy." He bases this argument on the following provision in the U.S. Fire policy:

**I. COVERAGE**

(1) We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" which the "Insured" by reason of liability imposed by law, *or assumed by the "Insured" under contract* prior to the

504

"Occurrence", shall become legally obligated to pay as damages for:

    (a)   "Bodily Injury"[.] [Emphasis added.]

Meyer argues that the "assumed by the 'Insured' under contract" language describes what occurred in this case. He reasons that because the Michigan Mutual policy contained an endorsement expressly deleting the fellow employee liability exclusion afforded by § 102.03(2), STATS., and because the U.S. Fire policy was purchased as commercial umbrella coverage, the fellow employee liability endorsement of the Michigan Mutual policy is a "liability . . . assumed by the 'Insured' under contract."

In *Dreis & Krump Manufacturing Co. v. Phoenix Insurance Co.*, 548 F.2d 681, 684 (7th Cir. 1977), the Seventh Circuit noted that an indemnification agreement is a prerequisite to contractual liability. The court stated that the policy language "liability assumed by [the insured] under any written contract" means "a specific written agreement between the insured and a third party whereby the insured agrees to 'indemnify' the third party." *See id.* at 684. We agree with this reasoning and construe the contractual language of the U.S. Fire policy accordingly.

We begin by noting that the insurance purchased from Michigan Mutual was an agreement between Milliken and that insurance company that its policy would indemnify Milliken for a sum in excess of the statutory coverage provided under worker's compensation laws. This is in recognition of the rule of insurance that "[t]he effect of the acquisition of insurance is to make the *insurer* liable for losses which *it* contracted to cover . . . ." *Stanhope v. Brown County*, 90 Wis. 2d 823, 851, 280 N.W.2d 711, 723 (1979) (emphasis added). Additionally, we note that " 'the intent of the parties must

505

be determined from the four corners of the insurance policy itself.' " *Id.* at 848, 280 N.W.2d at 721 (quoted source omitted).

Adopting the *Dreis & Krump* requirement of an indemnification agreement as a prerequisite to contractual liability also complements the development of the law in this area. In the *Stanhope* case, the supreme court recognized that a municipality could waive a statutory limitation of recovery by purchasing insurance policies with an express waiver of the limitations imposed. *See Stanhope*, 90 Wis. 2d at 852, 280 N.W.2d at 723. However, the court held that the *mere purchase* of an insurance policy with excess coverage would not be construed as a waiver of the statutorily established limitations on recovery. *See id.* Only if the governmental entity included an express waiver in the policy would it be construed as such. *See id.*

Utilizing the above case law and adopting the Seventh Circuit court's definition for "liability assumed . . . under any written contract" leads to the following analysis. When Milliken purchased the Michigan Mutual insurance policy, that insurer agreed to be liable for losses up to $1,000,000 for any covered vehicle. The Michigan Mutual contract specifically included an endorsement that waived the statutory limitations on liability under worker's compensation laws. That was the essence of Milliken's contract with Michigan Mutual.

In a separate contractual arrangement, Milliken procured an umbrella policy from U.S. Fire. In the policy language of that agreement, U.S. Fire agreed to be liable for any losses that Milliken became legally obligated to pay "by reason of liability imposed by law" or "assumed by the 'Insured' *under contract*." (Emphasis added.) Milliken's contract of insurance with U.S. Fire

specifically excluded coverage for " '[b]odily injury' to an employee . . . in the course of employment." Even more to the point, however, Milliken never contracted with Meyer or any other employee to pay any amount greater than the statutory limits afforded by the Worker's Compensation Act. Applying the reasoning of *Dreis & Krump,* under the plain language of the U.S. Fire policy, a third-party contract assuming liability would be required in order for the U.S. Fire coverage to be triggered under this provision.

A contract of insurance is not a promise to indemnify a third person. Rather, it is an agreement between the insured and the insurer to cover the acts of the insured against the claims of third parties. Including a fellow employee liability exclusion in one insurance contract cannot be construed to create a contractual obligation by another insurer to assume this same liability.

█

In this case, there were two separate insurance contracts with two separate companies. Milliken contracted with Michigan Mutual to provide excess coverage and in that contract Michigan Mutual agreed to accept liability under a waiver of the statutory limitations of worker's compensation. The U.S. Fire policy included no such endorsement. The U.S. Fire policy agreed to indemnify Milliken for liability "assumed by [Milliken] under contract." Milliken did not contract with Meyer to indemnify him. We affirm the trial court and hold that there is no excess coverage available to Meyer under the umbrella policy furnished by U.S. Fire.

*By the Court.*—Judgment affirmed.