PROGRESSIVE NORTHERN INSURANCE COMPANY,
Plaintiff-Appellant,

v.

Kristina KIRCHOFF,
Defendant-Respondent.

Court of Appeals

*No. 2007AP1342. Submitted on briefs April 8, 2008.
—Decided June 4, 2008.*

2008 WI App 108

(Also reported in 756 N.W.2d 635.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Rick E. Hills* and *Michelle M. Stoeck* of *Hills Legal Group. Ltd.*, Waukesha.

On behalf of the defendent-respondent, the cause was submitted on the brief of *Timothy A. Bascom* and *Valerie R. Jonas* of *Bascom, Budish & Ceman, S.C.*, Wauwatosa.

Before Anderson, P.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J. In this case, we examine whether WIS. STAT. § 632.32(5)(i) (2005–06)[1] permits two independent underinsured motorist (UIM) carriers with two separate policies to each reduce their respective UIM coverages by the liability limits paid by a single tortfeasor. We hold that it does.

¶ 2. Progressive Northern Insurance Company appeals from a declaratory judgment granted in favor of Kristina Kirchoff. Progressive, one of two insurers providing Kirchoff with underinsured motorist (UIM) coverage, sought to reduce its UIM coverage limits by the amount of $25,000, the amount the tortfeasor's insurer paid Kirchoff. Another UIM insurer of Kirchoff also sought to reduce its UIM coverage limits by the same $25,000 paid by the tortfeasor's insurer. The circuit court held that the two separate UIM insurers may only reduce their respective policy limits by the amount the tortfeasor's insurer paid Kirchoff on a pro rata basis. We reverse because WIS. STAT. § 632.32(5)(i)

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

permits two separate UIM insurers to each reduce their liability limits by the liability limits paid by a single tortfeasor.

## BACKGROUND

¶ 3. In May 2004, Kirchoff was injured when she and Steven Wheatley were involved in a motor vehicle accident. Wheatley's liability insurance policy with American Family Insurance Company had $25,000 in liability limits, which American Family tendered to Kirchoff. The parties do not dispute that Kirchoff's damages exceed that amount.

¶ 4. At the time of the accident, Kirchoff had in effect two insurance policies providing UIM coverage. One, with Farmers Insurance Exchange, provided UIM coverage limits of $250,000 per person. The other, with Progressive, provided UIM coverage limits of $100,000 per person. The Progressive policy's Insuring Agreement as to UIM coverage reads in part:

### *PART III – UNINSURED/UNDERINSURED*

### *MOTORIST COVERAGE*

. . . .

Subject to the Limits of Liability, if **you** pay a premium for Underinsured Motorist Coverage, **we** will pay for damages, other than punitive or exemplary damages, which an **insured person** is entitled to recover from the **owner** or operator of an **underinsured motor vehicle** because of **bodily injury**:

1. sustained by an **insured person**;

2. caused by **accident**; and

3. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

141

¶ 5. The Progressive policy's "Limits of Liability" contains a reducing clause, which provides in part:

The Limits of Liability under this Part III shall be reduced by all sums:

1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible . . . .

No one will be entitled to duplicate payments for the same elements of damages.

Kirchoff's Farmers policy contained a similar reducing clause.

¶ 6. Farmers sought to apply its reducing clause to reduce its $250,000 policy limit by the $25,000 payment from American Family/Wheatley. Kirchoff settled her UIM claim with Farmers. Progressive likewise sought to apply its reducing clause to its $100,000 policy limit by the same $25,000 received from American Family/Wheatley and tendered $75,000 to Kirchoff. Kirchoff asserted that Progressive inappropriately reduced its $100,000 policy limits by the full $25,000 and instead should have reduced its coverage only by its proportionate share based on the two UIM insurers' combined limits of $350,000, or $7143.85.[2] Kirchoff contended her recovery should be reduced by a total of $25,000 between the two UIM insurers, not by $25,000 from each one. She therefore demanded that Progressive pay an additional $17,856.15.

¶ 7. Progressive filed a complaint, followed two weeks later by a motion for declaratory judgment.

---

[2] Progressive's limits ($100,000) plus Farmer's limits ($250,000) total $350,000. American Family's limits were $25,000. Kirchoff contended Progressive's proportionate share equaled $100,000/$350,000 x $25,000 or $7143.85.

Progressive requested findings that its insurance policy, pursuant to Wɪs. Sᴛᴀᴛ. § 632.32, permits it to reduce its UIM coverage limit by amounts paid by the responsible party/tortfeasor and that coverage available to Kirchoff under the Progressive policy was the $75,000 already paid. Kirchoff counterclaimed, asking for a declaration that Progressive could reduce its policy limits only by its proportionate share of American Family's limits and that it owed her an additional $17,856.15.

¶ 8. The court directed the parties to submit supplemental briefs addressing *Welin v. American Family Mutual Insurance Co.*, 2006 WI 81, 292 Wis. 2d 73, 717 N.W.2d 690, which the court suggested might preclude Progressive's motion for declaratory judgment. At the ensuing telephone conference, the court concluded that *Welin* tipped the scales in Kirchoff's favor and therefore granted declaratory judgment to her and denied Progressive's motion. Progressive appeals.

## DISCUSSION

¶ 9. We begin by noting that the validity of Progressive's reducing clause is not at issue. Kirchoff expressly acknowledges that it comports with Wisconsin statutory authority and case law. Rather, we examine whether two independent UIM carriers with two separate policies, each with similar reducing clauses, may reduce their respective UIM coverage by the liability limits paid by a single tortfeasor, or whether, as Kirchoff contends, such an interpretation renders the UIM coverage in the policies illusory.

¶ 10. Progressive contends that the circuit court's grant of declaratory judgment in Kirchoff's favor was erroneous because the court: (1) misapplied *Welin* and

<...>

(2) disregarded controlling law, specifically, WIS. STAT. § 632.32(5)(i), which governs reducing clauses.[3] We address each argument in turn.

¶ 11. We begin with the parts of WIS. STAT. § 632.32(5)(i) relevant here:

**632.32 Provisions of motor vehicle insurance policies.**

. . . .

**(5)** PERMISSIBLE PROVISIONS.

. . . .

(i) A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage

---

[3] Progressive cites to *Van Erden v. Sobczak*, 2004 WI App 40, 271 Wis. 2d 163, 677 N.W.2d 718, as controlling law on this issue. However, *Van Erden* involved a single insurer who had issued two policies to the insureds. *Id.*, ¶ 1. The court held that the insurer's reduction of coverage by amounts received from the tortfeasor and from worker's compensation payments was consistent with the unambiguous language of the policies. *Id.*, ¶¶ 31–32. Here, however, the insured holds two separate policies with UIM coverage from two separate insurers and has received only one payment from a single tortfeasor.

Progressive also argues that its position finds support in case law decided after the circuit court ruled in this case. *See Marotz v. Hallman*, 2007 WI 89, 302 Wis. 2d 428, 734 N.W.2d 411; *see also State Farm Mut. Auto. Ins. Co. v. Bailey*, 2007 WI 90, 302 Wis. 2d 409, 734 N.W.2d 386. However, while generally instructive, *Marotz* and *Bailey*, like *Van Erden*, are not directly on point. The supreme court in *Marotz* and *Bailey* considered whether WIS. STAT. § 632.32(5)(i)1. unambiguously permitted an insurer to reduce its UIM limit of liability by the amount paid by a non-UIM tortfeasor. *Marotz*, 302 Wis. 2d 428, ¶ 2; *Bailey*, 302 Wis. 2d 409, ¶ 2. The court held that it does. *Id.*

for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

Statutory interpretation and the application of a statute to specific facts are questions of law that we review de novo. *Marotz v. Hallman*, 2007 WI 89, ¶ 15, 302 Wis. 2d 428, 734 N.W.2d 411.

¶ 12. Under WIS. STAT. § 632.32(5)(i), a policy may provide that the uninsured or underinsured limits shall be reduced by amounts "paid by or on behalf of any person . . . that may be legally responsible for the bodily injury or death for which the payment is made." Applying the statute, a motor vehicle insurance policy such as the Progressive policy may contain a reducing clause. The same is true for Farmers, Kirchoff's other policy. Nothing in the statutory language supports prorating a single liability payment among multiple applicable policies. There is neither an exception, nor any indication that this statutory authorization is limited or should be modified, when there is more than one UIM policy at issue. We cannot rewrite clear language to meet Kirchoff's desired construction of it. *See La Crosse Lutheran Hosp. v. La Crosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612 (Ct. App. 1986) ("If a statute fails to cover a particular situation, and the omission should be cured, the remedy lies with the legislature, not the courts.").

¶ 13. While Kirchoff acknowledges that WIS. STAT. § 632.32(5)(i) and the Progressive reducing clause are unambiguous, she contends that the statute coupled with Progressive's reducing clause should be construed

to provide the insured with a predetermined, fixed level of UIM coverage and to reduce coverage only by payments actually received by the insured. Kirchoff argues that this can only be accomplished by having the UIM insurers share, on a pro rata basis, the amount the tortfeasor's insurer pays the injured party. We reject Kirchoff's argument.

¶ 14. We interpret an insurance policy using the same rules of construction that are applied to other contracts. *Meyer v. United States Fire Ins. Co.*, 218 Wis. 2d 499, 503, 582 N.W.2d 40 (Ct. App. 1998). "The policy language, as the agreed-upon articulation of the bargain reached between the parties, is dispositive to the extent it is plain and unambiguous" and should be construed so as to give effect to the intentions of the contracting parties. *Id.* (citation omitted). When the terms of the policy are unambiguous, they should be applied according to their everyday meaning in order to ascertain what a reasonable insured's anticipation of coverage would be. *Id.* at 503–04.

¶ 15. Kirchoff's policy with Farmers provided UIM coverage limits of $250,000 per person. Her policy with Progressive provided UIM coverage limits of $100,000 per person. Each policy included a reducing clause for amounts paid by or on behalf of any person who may be legally responsible. Kirchoff would have us view the policies together as providing her with $350,000 of UIM coverage with the potential that the combined UIM coverage would be reduced pursuant to the reducing clauses by $25,000 for a total recovery of $325,000. However, in doing so, Kirchoff overlooks that she contracted with each insurer separately, and that nothing in the language of Wis. Stat. § 632.32(5)(i)

indicates an insurer cannot apply a valid reducing clause because another UIM insurer is involved.

¶ 16. Under the unambiguous language of Progressive's reducing clause, which is consistent with the WIS. STAT. § 632.32(5)(i) language, the policy's limits of liability are to be reduced by all sums "paid because of bodily injury by or on behalf of any persons . . . that may be legally responsible." It is undisputed that Kirchoff had received $25,000 from the tortfeasor's insurer. We conclude that a reasonable person in Kirchoff's position would anticipate that Progressive's limit of liability would be reduced by that full amount pursuant to its reducing clause.

¶ 17. We next turn to the supreme court's decision in *Welin*. There, two people were injured as a result of the tortfeasor's negligence: Welin and the tortfeasor's passenger. *Welin*, 292 Wis. 2d 73, ¶ 3. The tortfeasor's liability insurance policy provided for a $300,000 policy limit which was insufficient to pay for the damages to the two injured parties. *Id.*, ¶¶ 2, 3. As a result, Welin received $250,000 of the tortfeasor's $300,000 policy limit and the tortfeasor's passenger received $50,000. *Id.*, ¶ 4.

¶ 18. At the time of the incident, Welin had a UIM policy with limits of $300,000 per person and $300,000 per occurrence. *Id.*, ¶ 2. Because her damages exceeded the $250,000, Welin sought $50,000—the limit of liability under her UIM coverage—from her UIM insurer. *Id.*, ¶ 4. Welin's UIM coverage defined an underinsured motor vehicle as a motor vehicle that is insured with bodily injury liability limits less than the limits of liability of the UIM coverage. *Id.*, ¶ 2. Welin's insurer denied coverage on the grounds that the tortfeasor's vehicle did not meet the definition of an underinsured motor vehicle. *See id.*, ¶ 15.

147

¶ 19. The *Welin* court held that a definition of an underinsured motor vehicle that only compares the injured person's UIM limits to the limits of a tortfeasor's liability policy impermissibly reduces the UIM coverage based not on payments that the injured person actually receives, but on payments made by the tortfeasor's insurance to other persons. This was in conflict with WIS. STAT. § 632.32(5)(i), which "permits reduction of limits of liability under UIM coverage only by amounts paid to the insured." *Welin*, 292 Wis. 2d 73, ¶ 56. In reaching this conclusion, the court also explained that the underlying purpose of the underinsured motorist statute, § 632.32(4m), is to ensure that insureds receive "a predetermined, fixed level of coverage for an accident from a combination of the tortfeasor's insurance and the UIM insurance." *Welin,* 292 Wis. 2d 73, ¶ 52.

¶ 20. Kirchoff acknowledges that this case is factually distinguishable from *Welin* in that she was the sole injured party and she received the entirety of the tortfeasor's $25,000 liability limits. However, she argues that *Welin* is instructive as to (1) the purpose of UIM coverage which is to allow the insured to purchase a predetermined, fixed level of UIM recovery that is arrived at by combining payments from all sources, *id.*, ¶ 49, and (2) the proper focus on payments actually received by an insured. We agree with Kirchoff that *Welin* is instructive on these points; however, neither supports her position on appeal.

¶ 21. Kirchoff purchased a predetermined, fixed level of UIM recovery from two separate insurers: $250,000 from Progressive and $100,000 from Farmers. Each policy had a separate and distinct limit of liability. By allowing each insurer to enforce its

148

reducing clause, thereby reducing its liability by the amount recovered from the tortfeasor, here $25,000, Kirchoff is receiving what she bargained for with each insurer under the reducing clause of each insurer's policy.[4] Moreover, the reductions are authorized under WIS. STAT. § 632.32(5)(i), which, under *Welin*, permits a policy to reduce the limits of liability under UIM coverage by amounts paid by the tortfeasor to the injured insured. *Welin*, 292 Wis. 2d 73, ¶ 56. Here, there is no dispute that Kirchoff actually received the full amount paid by the tortfeasor's insurer.

---

[4] As such, we reject Kirchoff's contention that permitting both Progressive and Farmers to reduce UIM coverage by $25,000 "creates 'illusory' coverage." Kirchoff cites to *Dowhower v. West Bend Mut. Ins. Co.*, 2000 WI 73, ¶ 27, 236 Wis. 2d 113, 613 N.W.2d 557 (2000), for the proposition that "[I]llusory UIM coverage has also been found where a reduction clause will result in the insured receiving some, but never all, of the policy's stated coverage." However, *Dowhower* was summarizing the holding in an earlier case, *Sweeney v. General Casualty Co.*, 220 Wis. 2d 183, 582 N.W. 2d 735 (Ct. App. 1998), and noted that the *Sweeney* court had not addressed WIS. STAT. § 632.32(5). *Dowhower*, 236 Wis. 2d 113, ¶ 31. The *Dowhower* court clarified that such cases must be considered in conjunction with § 632.32(5)(i)1 in concluding:

> [A]n insurer may reduce payments made pursuant to a UIM policy by amounts received from other legally responsible persons or organizations, provided that the policy clearly sets forth that the insured is purchasing a fixed level of UIM recovery that will be arrived at by combining payments made by all sources.

*Dowhower*, 236 Wis. 2d 113, ¶ 33. Here, Kirchoff does not challenge the language of Progressive's reducing clause but rather the application of the clause when there are two separate UIM policies issued by separate insurers. The fact that an insured may never receive all of the UIM coverage afforded by his or her policy is clearly contemplated by WIS. STAT. § 632.32(5)(i) and does not render the coverage illusory.

149

¶ 22. We conclude that the trial court erred in its determination that multiple UIM insurers must share on a pro rata basis the amount the tortfeasor's insurer pays the injured party. We conclude that WIS. STAT. § 632.32(5)(i) permits two independent UIM carriers with two separate policies to each reduce their respective UIM coverages by the liability limits paid by a single tortfeasor. We reverse the trial court's judgment and remand with directions to enter judgment consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.