COURT OF APPEALS
DECISION
DATED AND FILED

October 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1793**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV2865

IN COURT OF APPEALS
DISTRICT IV

AUDREY TUOHY,

PLAINTIFF-RESPONDENT,

V.

ARTISAN AND TRUCKERS CASUALTY COMPANY,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

¶1    NASHOLD, J. This appeal concerns WIS. STAT. § 632.32(5)(i) (2019-20),[1] which permits an insurer to offset underinsured motorist (UIM) or uninsured motorist (UM) coverage limits to account for payments from other sources. The question is whether § 632.32(5)(i) allows an insurer to *twice* offset a single payment from the UIM tortfeasor's insurer, by applying that reduction to both UIM and UM coverage limits. We conclude that § 632.32(5)(i) does not permit this type of double reduction. Accordingly, we affirm the judgment awarding Audrey Tuohy, the injured insured, the disputed portion of her UM payment. We further conclude that this appeal is not frivolous and therefore deny Audrey's motion for costs and fees under WIS. STAT. RULE 809.25(3).

## BACKGROUND

¶2    The following facts are undisputed for purposes of this appeal. On December 12, 2018, then-nine-year-old Audrey was significantly and permanently injured when driver Michael Rubendall crossed a highway center line and crashed into a vehicle driven by Audrey's mother, Stephanie Sabatke. Audrey's injuries were due to the combined negligence of Rubendall, who was intoxicated, and Sabatke, who was negligent in various respects, including by not restraining Audrey in a seatbelt.

¶3    Audrey had both UM and UIM liability coverage, each with a limit of $500,000, through her father's policy issued by Artisan and Truckers Casualty Company (Artisan). Audrey's resulting medical expenses were greater than $1 million and thus greater than the combined UM and UIM coverage limits.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Sabatke was uninsured and Rubendall was underinsured, with a coverage limit of $250,000.

¶4     Audrey petitioned the circuit court for partial approval of her settlement.  As pertinent here, Audrey received $250,000 from Rubendall's insurer.  Pursuant to WIS. STAT. § 632.32, Artisan paid Audrey $250,000 on her UIM coverage, reflecting the difference between the payment from Rubendall's insurer and Audrey's UIM coverage limit.  *See* § 632.32(5)(i)1. (a policy may provide that, where payments are made by another entity legally responsible for the injury, the insurer will reduce UM or UIM coverage limits).  As to Audrey's UM coverage, Artisan paid $250,000 and moved for declaratory judgment on stipulated facts, seeking a declaration that Audrey's UM limit should *also* be reduced by $250,000 to reflect the amount paid by Rubendall's insurer.  Thus, it was Artisan's position that the $250,000 payment from Rubendall's insurer should offset both the $500,000 owed under Audrey's UIM coverage and the $500,000 owed under Audrey's UM coverage.  Audrey brought a cross-motion, seeking a declaration that she was entitled to the remaining $250,000 yet to be paid in UM coverage.  The circuit court denied Artisan's motion and granted Audrey's motion.  Artisan appeals.

## DISCUSSION

¶5     A declaratory judgment "declare[s the] rights, status, and other legal relations" of adverse parties.  WIS. STAT. § 806.04(1); *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶¶27-28, 309 Wis. 2d 365, 749 N.W.2d 211.  Here, the material facts are undisputed and the declaratory judgment involves the interpretation of WIS. STAT. § 632.32, a question of law that we review de novo.

*See* ***Thom v. 1st Auto & Cas. Ins. Co.***, 2021 WI App 33, ¶13, ___Wis. 2d ___, 961 N.W.2d 79.

¶6      UIM and UM coverages have different, albeit overlapping, purposes. As pertinent here, UIM coverage puts the insured in the same position he or she would have been in had the underinsured motorist tortfeasor purchased insurance with the same (higher) coverage limit purchased by the insured.[2]  ***Dowhower ex rel. Rosenberg v. West Bend Mut. Ins. Co.***, 2000 WI 73, ¶18, 236 Wis. 2d 113, 613 N.W.2d 557.  UM coverage puts the insured in the same position he or she would have been in had the uninsured motorist tortfeasor purchased insurance. ***Teschendorf v. State Farm Ins. Cos.***, 2006 WI 89, ¶24, 293 Wis. 2d 123, 717 N.W.2d 258.  Thus, the effect of both types of coverage is to guarantee to the insured a predetermined, fixed level of coverage—the level the insured chooses, and for which he or she pays the corresponding premium—for an accident caused by either an underinsured or an uninsured motorist.  *See* ***id.***, ¶¶26-27; ***Calbow v. Midwest Sec. Ins. Co.***, 217 Wis. 2d 675, 681, 579 N.W.2d 264 (Ct. App. 1998).

¶7      In Artisan's view, where an accident is caused by both an underinsured and an uninsured motorist, a single payment from the underinsured

___

[2] Our courts "ha[ve] identified two approaches to UIM coverage." ***Welin v. American Fam. Mut. Ins. Co.***, 2006 WI 81, ¶24, 292 Wis. 2d 73, 717 N.W.2d 690.  Under the first approach, "UIM coverage is for a set dollar amount above and beyond the liability limits of the at-fault driver." ***Id.***  Thus, where the injured insured's damages exceed the tortfeasor's payment, the insured may potentially recover an amount from the insurer equaling the UIM policy limit. ***Id.***, ¶¶24-25.  Under the second, "limits-to-limits" approach, where the injured insured's damages exceed the tortfeasor's payment, the insured may potentially recover an amount from the insurer equaling *the difference between* the tortfeasor's payment and the UIM policy limit. ***Id.***, ¶26.  An insurance policy based on this second approach is thus "designed to put the insured in the same position he or she would have occupied had the tortfeasor's liability limits been the same as the UIM limits purchased by the insured." ***Id.***  Audrey's UIM coverage is of the "limits-to-limits" type.  Thus, in this opinion, our discussion of the purposes and effects of UIM coverage is in reference to "limits-to-limits" coverage.

tortfeasor entitles Artisan to reduce both UIM and UM liability limits. For the reasons explained below, Artisan's position is contrary to WIS. STAT. § 632.32(5)(i).

I.  WISCONSIN STAT. § 632.32(5)(i) does not permit Artisan to twice offset a single payment from Rubendall's insurer.

¶8  Artisan argues that WIS. STAT. § 632.32(5)(i) allows it to twice offset a payment made on behalf of the underinsured motorist. Under that statute,

> [An insurance] policy *may* provide that the limits under the policy for [UM] coverage or [UIM] coverage for bodily injury or death resulting from any one accident shall be reduced by ...:
>
> 1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

(Emphasis added.) Thus, § 632.32(5)(i) authorizes the use of "reducing clauses" in policies providing UIM or UM coverage, with subd. 632.32(5)(i)1. allowing the insurer to set off or reduce the insurance payment to account for payments made by or on behalf of tortfeasors. *Dowhower*, 236 Wis. 2d 113, ¶1. In other words, § 632.35(5)(i) does not disturb the "fixed level" of UIM or UM recovery available to the insured, but it does permit those amounts to "be arrived at by combining payments made from all sources." *Dowhower*, 236 Wis. 2d 113, ¶33; *Teschendorf*, 293 Wis. 2d 123, ¶¶26-27. As a result, the insured receives a predictable level of coverage, while the insurer's exposure is minimized. *Teschendorf*, 293 Wis. 2d 123, ¶¶26-27.

¶9  As the above indicates, there is no obvious basis under the statutory scheme for reducing liability under one type of coverage (here, UM) because of payments made by a UIM tortfeasor and *already* offset under separate UIM

coverage in the same policy. Artisan, however, points us to the following phrase: "the limits under the policy for [UM] coverage or [UIM] coverage … shall be reduced by ... [a]mounts paid by" any tortfeasor. *See* WIS. STAT. § 632.32(5)(i)1. In Artisan's view, use of the plural "limits" unambiguously means that an insurer may offset each coverage "limit"—UM and UIM—by the same "[a]mounts paid by" the tortfeasor.

¶10 We disagree. WISCONSIN STAT. § 632.32(5)(i) permits a reduction in limits for UM coverage *or* UIM coverage. The word "or" "should be interpreted disjunctively, in accordance with its plain meaning." *See **Hull v. State Farm Mut. Auto. Ins. Co.***, 222 Wis. 2d 627, 639, 586 N.W.2d 863 (1998). By its plain terms, then, the statute permits a tortfeasor's payment to offset either UM or UIM coverage. The statute's use of the plural "limits" does not mean that UM and UIM "limits" may *each* be offset by a single payment, but rather reflects the fact that UM and UIM coverages contain more than one "limit." *See* § 632.32(4)(a)1., (4m)(d) (establishing minimum per-person and per-accident limits).

¶11 The statute's purpose confirms this meaning. *See **Teschendorf***, 293 Wis. 2d 123, ¶¶12-14, 18 (we look to a statute's purpose, as evident from the statute itself or with reference to extrinsic sources reflecting its purpose, in discerning the statute's plain meaning). As discussed above, WIS. STAT. § 632.32 creates prospective protections for the insured in the event he or she is injured and there is no or insufficient tortfeasor insurance available. ***Teschendorf***, 293 Wis. 2d 123, ¶¶24-25; ***Welin v. American Fam. Mut. Ins. Co.***, 2006 WI 81, ¶26, 292 Wis. 2d 73, 717 N.W.2d 690. Importantly, UM and UIM coverages protect the insured from the actions of separate tortfeasors. It would defeat the purpose of § 632.32 to allow an insurer to twice reduce the same tortfeasor payment in the

unfortunate circumstance where an underinsured driver *and* an uninsured driver each contributed to injuries.

¶12 Accepting Artisan's view on UM/UIM coverage would also lead to absurd results, undermining any expectation of "a predetermined, fixed level of insurance coverage" inherent in the current statutory scheme. *See Teschendorf*, 293 Wis. 2d 123, ¶26; *see also State ex. rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110 (we interpret statutory language "reasonably, to avoid absurd or unreasonable results"). As Audrey points out, Artisan's statutory interpretation means that those in her position are guaranteed the full amount of one type of coverage (here, UIM) but are entitled to only a portion of (but never their total) UM coverage, in inverse proportion to the UIM tortfeasor's coverage limit.

¶13 To illustrate, under Artisan's interpretation, if Rubendall had the statutory minimum in coverage—$25,000—then Artisan would subtract that amount from both UIM and UM limits, and Audrey would receive: $500,000 (full combined UIM payment from Rubendall's insurer and Artisan) plus $475,000 (UM payment minus $25,000), for a total recovery of $975,000. In contrast, if Rubendall had $499,999 in liability coverage, then Audrey would receive: $500,000 (full UIM payment) plus $1 (UM payment minus $499,999), for a total recovery of $500,001. Taking the example a step further, Audrey would receive *no UM payment at all* if her UIM limit and Rubendall's limit both exceeded her UM limit. For example, if Audrey's UIM limit were $1 million, Rubendall's UIM limit $750,000, and Audrey's UM limit $500,000, then the payment on behalf of Rubendall would offset all UM liability. Artisan has not meaningfully explained why we should construe WIS. STAT. § 632.32(5)(i) to permit this absurd result.

7

¶14 In arguing to the contrary, Artisan relies heavily on *Progressive Northern Insurance Company v. Kirchoff*, 2008 WI App 108, 313 Wis. 2d 138, 756 N.W.2d 635. In Artisan's view, *Kirchoff* construed WIS. STAT. § 632.32(5)(i) so as to permit the type of double reduction Artisan seeks here. We disagree: the circumstances in *Kirchoff* are distinguishable, and that court's conclusion inapplicable.

¶15 In *Kirchoff*, two insurers separately and independently issued UIM coverage to the insured. *Kirchoff*, 313 Wis. 2d 138, ¶4. The insured was injured in a motor vehicle accident and received a payment from the tortfeasor's insurer. *Id.*, ¶3. The insured argued that, to effectuate the purpose of WIS. STAT. § 632.32, the insurers should offset this payment on a proportionate basis—that is, each insurer should be permitted to reduce its payment to the insured by only a portion of the tortfeasor's payment, with the two portions together totaling the full amount of the tortfeasor's payment. *Id.*, ¶13.

¶16 This court analyzed WIS. STAT. § 632.32(5)(i) to conclude that each reducing clause could be enforced in full, such that both insurers could offset the same tortfeasor payment. *Id.*, ¶¶21-22. The dispositive circumstance in *Kirchoff* was that the injured party had *separately contracted with two insurers*, each of whose policies contained statutorily compliant reducing clauses. *Id.*, ¶¶9, 15. We concluded that "[n]othing in the statutory language supports prorating a single liability payment among multiple applicable policies" or otherwise prohibits an insurer from applying a valid reducing clause simply because another insurer is involved. *Id.*, ¶¶12, 15. Instead, "§ 632.32(5)(i) permits two independent UIM carriers with two separate policies to each reduce their respective UIM coverages by the liability limits paid by a single tortfeasor." *Id.*, ¶22. In contrast to *Kirchoff*, this case involves only a single insurer and policy, and two separate

tortfeasors. More significantly, in **Kirchoff**, we determined that § 632.32(5)(i) clearly permitted the two separate insurers to each offset the tortfeasor payment and that "[n]othing in the statutory language support[ed]" apportioning offsets on a pro rata basis. **Id.**, ¶12. Here, in contrast, "[n]othing in the statutory language supports" a single insurer's double offset of both UM and UIM coverage.

¶17 In sum, WIS. STAT. § 632.32(5)(i) does not permit Artisan to reduce both UM and UIM coverage limits based on a single liability payment from the UIM tortfeasor's insurer.[3]

### II. Audrey is not entitled to costs and fees.

¶18 The remaining issue is whether, on Audrey's motion, we must award costs, fees, and attorneys' fees pursuant to WIS. STAT. RULE 809.25(3)(c)2., requiring such award where "[the unsuccessful] party or the party's attorney knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Whether an appeal is frivolous is a question of law. **Schapiro v. Pokos**, 2011 WI App 97, ¶20, 334 Wis. 2d 694, 802 N.W.2d 204. We may not award costs and fees unless the entire appeal is frivolous, and we "resolve all doubt" in favor of the nonmoving party. **Dietscher v. Pension Bd. of Emps.'s Ret. Sys.**, 2019 WI App 37, ¶56, 388 Wis. 2d 225, 932 N.W.2d 446.

---

[3] The parties also dispute whether Audrey's policy permits this type of reduction. Because we conclude that the reduction is impermissible under WIS. STAT. § 632.32(5)(i), we do not reach this question.

¶19    Artisan argues that an appeal cannot be frivolous where, as here, the issue raised has never been the subject of an appellate decision.  We have at times declined to find an appeal frivolous where the question is one of first impression. *See, e.g.*, ***Ryan v. Estate of Sheppard***, 2010 WI App 105, ¶17, 328 Wis. 2d 533, 789 N.W.2d 616; ***Black v. Metro Title, Inc.***, 2006 WI App 52, ¶15 n.3, 290 Wis. 2d 213, 712 N.W.2d 395.  On the other hand, we are mindful of the argument of Audrey's guardian ad litem that the issue presented here "is only a case of first impression because no other company has had the chutzpah to try [this] against its own insured."  In the end, our analysis rests not on the novelty of the issue but on whether there are any non-frivolous grounds for bringing this appeal, either because the law arguably supports the appellant's position or because a good-faith argument may be made for extending, modifying, or reversing existing law.

¶20    We conclude that, although Artisan's arguments are ultimately unpersuasive, they stop just short of being entirely frivolous.  There was some (albeit tenuous) basis in the statute and case law for raising this issue on appeal.  Because we cannot conclude that this appeal was brought without any reasonable legal basis, we deny Audrey's motion for costs and fees.

## CONCLUSION

¶21    For the reasons stated, we affirm the judgment awarding Audrey the disputed portion of her UM payment, and we deny Audrey's motion for costs and fees.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.